Ronald D. MALCOLM, Appellant,

v.

UNITED STATES, Appellee.

No. 7205.

District of Columbia Court of Appeals.

Argued Nov. 27, 1973.

Decided Feb. 7, 1975.

Edwin S. Rockefeller, Washington, D. C., appointed by the court, for appellant.

Harry R. Benner, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Albert H. Turkus, and William R. King, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and FICKLING, Associate Judges.

REILLY, Chief Judge:

This is a sequel to our recent decision in United States v. Malcolm, D.C.App., 331 A.2d 329 (1975). Appellant Malcolm is the same gentleman whose reported selling of marijuana to miscellaneous customers in the 2500 block of 14th Street, N.W., resulted in his arrest and the charge by in-

formation of a violation of D.C.Code 1973, § 33–402.

Some five weeks later, the very informant whose report caused a police officer to make the original arrest, told the same officer that he had just seen Malcolm offering similar illegal substances for sale. Behaving with seeming classic deference to the Aeschylean ideal of unity of time, place, and action, the three protagonists—the informant, the policeman and the appellant—then proceeded with a virtual reenactment of the street scene of the previous month.[1]

Upon receipt of this news, the officer again asked the informant to go back to the place—the same block where Malcolm had been arrested before—and check. When the informant returned to say that the asserted vendor was still there, the policeman with two fellow officers drove to the 2500 block and found the suspect on the sidewalk, where he was placed under arrest. The policeman again searched him and again discovered envelopes containing quantities of marijuana. Another information was signed, charging Malcolm with the same offense.

Counsel, who had represented him in the first case, again filed a pretrial motion to suppress. Another judge was designated, however, to preside at the suppression hearing. Although the same officer testified about the circumstances of the arrest, and defense counsel raised the same issues, this time the motion to suppress was denied. At a subsequent trial, a guilty verdict was returned. The court imposed a 10-day sentence, then suspended it, placing appellant on probation for six months.

■ Appellant's assignments of error are directed entirely at the proceedings on the motion to suppress. At the outset of the hearing, the court ruled that the proponent of the motion (Malcolm) had the burden of going forward. It is well settled that on a motion to suppress evidence ob-

tained by search warrant, the moving party has the initial burden of establishing that his rights were violated. Chin Kay v. United States, 311 F.2d 317 (9th Cir. 1962); Wilson v. United States, 218 F.2d 754 (10th Cir. 1955); 3 C. Wright, Federal Practice and Procedure: Criminal § 675 (1969). This is because an independent determination on the issue of probable cause has already been made by a magistrate, thereby giving rise to a presumption of legality. The movant, therefore, has to prove lack of probable cause. Batten v. United States, 188 F.2d 75 (5th Cir. 1951), or unlawful execution of the warrant. Woo Lai Chun v. United States, 274 F.2d 708 (9th Cir. 1960).

■ But absent a warrant (which was the situation here), the burden of establishing probable cause is on the United States. Rouse v. United States, 123 U.S.App.D.C. 348, 350, 359 F.2d 1014, 1016 (1966); United States v. Burhannon, 388 F.2d 961 (7th Cir. 1968); Rogers v. United States, 330 F.2d 535 (5th Cir. 1964); Cervantes v. United States, 263 F.2d 800 (9th Cir. 1959). "Without such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant. Furthermore, the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies." Rogers v. United States, *supra* 330 F.2d at 543; *accord*, Wrightson v. United States, 95 U.S.App.D.C. 390, 393, 222 F.2d 556, 559 (1955).

■ Failure on the part of a motions court to follow this procedure and thus require the accused to prove absence of probable cause, however, is not necessarily a ground for reversal. In *Rogers*, for example, the motions judge erroneously placed the burden on the defendant. This ruling on review was held to be harmless error.

The burden of producing evidence is never crucial unless certain necessary facts in a case are not aired. Here all

1. These events are described in our first *Malcolm* opinion.

of the salient facts were aired. Few were even in dispute. The defendant, therefore, was not prejudiced by the order in which the evidence was presented. And the district judge allowed defendant's counsel to examine all of the witnesses as hostile. There is no prejudicial error in the record. [Rogers v. United States, *supra* 330 F.2d at 543.]

■ In the case before us, the prosecutor almost immediately remedied whatever prejudice was inherent in the ruling by making the arresting officer—whom he was apparently about to call for the government—available for examination by defense counsel, who was permitted to treat him as an adverse witness. The prosecutor also turned over for inspection and possible use for impeachment by the defense, the arrest reports (P.D. 163 and P. D. 68) which, under the Jencks Act, 18 U. S.C. § 3500(b), would not ordinarily be given to opposing counsel until after direct examination.

■ After bringing out the circumstances of the arrest and the fact that the witness had relied on the same informant who had called his attention to the arrestee in the first *Malcolm* case, counsel, as he had done in the hearing in that case, proceeded to demand the affidavits in the warrant cases in which a tip by this informant had triggered the police action. Unlike the motions judge in the first *Malcolm* case, the court refused to order production of those files.

For the reasons stated in our *Malcolm* opinion, *supra,* this court perceives no error in such refusal. Moreover, the record contains all the salient evidence on the issue of probable cause which would have been presented to the court had it ruled otherwise on the question of the burden of going forward. Accordingly, we deem the threshold ruling harmless error.

We have reviewed the other objections raised on appeal to various rulings of the motions court, but find such objections lacking in merit.

Affirmed.