**UNITED STATES, Appellant,**

v.

**Jimmy L. ALLEN, Appellee.**

**No. 8519.**

District of Columbia Court of Appeals.

Argued Nov. 19, 1974.

·Decided May 14, 1975.

Bette E. Uhrmacher, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Joseph Guerrieri, Jr., and Henry H. Kennedy, Jr., Asst. U. S. Attys., were on the brief, for appellant.

Kenneth M. Appel, law student counsel, with whom Robert St. John Roper, Washington, D. C., appointed by this court, was on the brief, for appellee.

Before KERN, GALLAGHER and HARRIS, Associate Judges.

GALLAGHER, Associate Judge:

The defendant (appellee) in this case was charged by information with carrying an unlicensed pistol [1] and possession of unregistered ammunition.[2] A motion to suppress the pistol was filed pretrial and it was denied.

██ At the trial appellee announced the intention to stipulate to the facts as alleged in the information and have the court render a verdict thereon in order to preserve the Fourth Amendment issue on appeal.[3] The court was informed, by defense counsel, in effect, that he felt a trial on the facts would be futile and that his only chance of escaping a conviction was to appeal the denial of his motion to suppress the contraband.

The trial court questioned this procedure, however, and in so doing indicated that it would be a denial of a defendant's constitutional rights under Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L. Ed.2d 394 (1972), and Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), if as trial judge he were to rule he was bound by a pretrial order denying a motion to suppress evidence. As a result, before the trial commenced, the motion to suppress was reheard and this time

---

1. D.C.Code 1973, § 22–3204.

2. D.C.Pol.Reg. Art. 53, § 2.

3. This procedure was approved in Coleman v. Burnett, 155 U.S.App.D.C. 302, 310, 477

F.2d 1187, 1195 (1973), and is frequently invoked in the trial court where, realistically, the only available issue in "possession of contraband" cases is the search or seizure. We see no reason to disapprove this procedure.

was granted by the trial judge. From this ruling, the government appeals pursuant to its statutory right. D.C.Code 1973, § 23–104(a)(1).

■ The issue is whether the trial court erred in determining sua sponte to rehear the motion to suppress which had been previously considered and denied pretrial, though no newly discovered grounds were presented to the trial judge.

In reference to Henry v. Mississippi and Humphrey v. Cady, *supra*, we do not find the questions there presented to be sufficiently similar to warrant the application here of those decisions.

We have previously held that, under D. C.Code 1973, § 23–104(a)(2), when a pretrial motion has been heard and decided, this then becomes the law of the case and only if there are new grounds, which include new facts "which the defendant could not reasonably have been aware of may a trial judge entertain a renewed motion to suppress." Wheeler v. United

States, D.C.App., 300 A.2d 713, 715 (1973), citing Jenkins v. United States, D.C.App., 284 A.2d 460, 463–64 (1971). *See also* Anderson v. United States, D.C.App., 326 A. 2d 807 (1974), and United States v. Dockery, D.C.App., 294 A.2d 158 (1972). This insures that any Fourth Amendment issue available to a defendant will be heard and decided either pretrial or at the trial, depending upon the circumstances. Furthermore, the procedure enunciated in Coleman v. Burnett, 155 U.S.App.D.C. 302, 310, 477 F.2d 1187, 1195 (1973) *supra* n. 3, and recognized by us, affords a method of preserving for appeal a Fourth Amendment question.

Here, however, the trial judge reheard the motion, and ruled differently, though the required showing to obtain a second hearing was not made. Under these circumstances, this course was not open to the trial judge. The order suppressing the evidence is vacated and the case is remanded for further proceedings.

So ordered.