**Clarence H. RANDALL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7917.**

District of Columbia Court of Appeals.

Argued Jan. 6, 1976.

Decided March 4, 1976.

Fred M. Geldon, Washington, D.C., with whom Sara E. Lister, Washington, D.C., was on the brief, for appellant.

Jonathan B. Marks, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and John P. Hume, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant has been convicted by a jury of armed robbery and assault with a dangerous weapon.[1] In this court he advances the claims that the trial court erred in denying his pretrial motion to suppress without ruling on the issue of probable cause to arrest, in impeding the presentation of his defense and in failing to declare a mistrial or to take other curative action on the prosecutor's alleged improper argument to the jury.[2] We affirm.

---

1. D.C.Code 1973, §§ 22–2901, 22–3202 and 22–502.
2. Appellant's additional claim that the trial court erred in ordering the production of a defense investigator's memoranda during cross-examination of that investigator has been answered adversely to him by the Supreme Court. *United State v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

Officer Stewart Morris testified at the hearing on the motion to suppress that in response to a radio broadcast of a robbery in progress he headed toward 221 Florida Avenue, N.W., the address given in the broadcast as the scene of action. As he passed the intersection of 3rd and R Streets, N.W., the officer saw a Negro male standing on the southeast corner of the intersection pointing in a northerly direction. Immediately thereafter, through his rearview mirror, he saw the man (the appellant) break into a run. Officer Morris backed up his scout car, turned around and pursued appellant. When he got abreast of appellant, midway in the 300 block of R Street, appellant stopped running. Just then another officer drove up and informed Morris that the purported robber was a Negro male wearing green pants. Appellant had on a pair of green pants.

Appellant was asked to get in the scout car and accompany the officers to the scene of the robbery, some 60 to 70 yards away. On the way, Officer Morris monitored a lookout describing the robber, according to one of the complainants, as a Negro male, about 30 years old, with a large bush and pork-chop sideburns, wearing green trousers, and last seen going south on 3rd Street. The officer who put the lookout on the air testified that when he did so he was told that "they" were bringing back a subject who fit the description. Moments later, at the scene, appellant was identified by the victims of the robbery and of the assault.

The motion filed pretrial was to suppress the identification by one of the complaining witnesses on the ground of undue suggestivity.[3] At the hearing appellant was allowed to include in the motion a request to suppress other identification testimony, and also a claim of illegal arrest. Counsel did not include in the motion a specific request to suppress the physical evidence (money) recovered from appellant after his arrest, but asserts on appeal that such a request was "logically" included in the motion and the trial court, sua sponte, should have ruled the evidence inadmissible as the fruits of an illegal arrest. At the conclusion of the hearing the motion to suppress was denied. The trial judge, who incidentally professed his difficulty in understanding the relationship between probable cause and the suppression of an in-court identification, never ruled specifically on the legality of the arrest.

 This court can, of course, affirm the denial of a motion to suppress if, for any reason, the ruling is correct. Here, the evidence on the motion was uncontradicted. At the time of the initial stop, Officer Morris had a report of a robbery in progress. When first seen, appellant appeared to be directing the officer to the scene of the robbery, but after the scout car passed him he broke into a fast run away from the scene. As Officer Morris backed up the scout car and confronted appellant, another officer arrived with the information that there had been a robbery on Florida Avenue and the alleged culprit was, as was appellant, a Negro male wearing green pants. Under these circumstances, to ask appellant to get in the scout car for the short ride to the scene of the robbery was eminently reasonable and, in our judgment, with probable cause. Moreover, the more detailed description of the robber which was broadcast during that ride confirmed the fact that appellant was almost certainly the perpetrator of the crime. We thus conclude, as we did in *Bates v. United States,* D.C.App., 327 A.2d 542 (1974), a strikingly similar case but with less compelling facts, that the trial court did not err in denying the motion to suppress.

 We must also disagree with appellant's claim, citing *Williams v. United States,* D.C.App., 228 A.2d 846 (1967), that the trial judge impeded the presenta-

3. The point of suggestivity is not pursued on appeal.

tion of the defense case, to appellant's prejudice. On the contrary, our reading of the record convinces us that the trial judge was eminently fair and patient under sometimes trying circumstances. We agree that he might have been unduly restrictive in curtailing counsel's examination. of several defense witnesses. But most of the testimony, as proffered, was marginally relevant or cumulative and its exclusion certainly was not an abuse of discretion warranting reversal. E. g., *Hardy v. United States*, 118 U.S.App.D.C. 253, 254, 335 F. 2d 288, 289 (1964).

There is always some tension in the conduct of a lengthy trial, but on balance, the conduct of the trial judge in this case cannot be said to have impeded nor prejudiced the defense. *Hurt v. United States*, D.C.App., 337 A.2d 215 (1975). Nor do we interpret the protested remarks in the prosecutor's closing argument as being a comment on appellant's failure to testify. Consequently, appellant's assertion of error in that regard is without merit.

The judgment of conviction on appeal is

*Affirmed.*