David William **DUDDLES**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 13264.

District of Columbia Court of Appeals.

Argued Dec. 12, 1978.
Decided Feb. 27, 1979.

Leroy Nesbitt, Washington, D. C., appointed by this court, for appellant.

E. Anne McKinsey, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before YEAGLEY, MACK and FERREN, Associate Judges.

FERREN, Associate Judge:

Appellant contests his convictions for assault, D.C.Code 1973, § 22–504, and possession of a prohibited weapon, D.C.Code 1973, § 22–3214(b), asserting that (1) the motions judge erred in summarily denying, without prejudice, his pretrial motion to suppress evidence, and that (2) the trial judge erred in refusing to entertain appellant's motion to suppress during trial. Because appellant's pretrial motion contained only a bare allegation of a constitutional violation, without any factual basis, we conclude that the motions judge acted properly in denying the motion without a hearing. In addition, because appellant took no steps to file a new motion before trial, the trial court properly refused to hear appellant's suppression motion at trial. We accordingly affirm the convictions.

## I.

At approximately 5:00 a. m. on September 27, 1977, appellant was arrested by a police officer answering a radio call about a man with a gun.[1] Later that day, the government filed a nine-count information against him.[2] Appellant filed a motion to suppress on October 3, 1977. The government moved for summary denial of that motion on October 20, stating that the motion lacked the statement of grounds required by Super.Ct.Cr.R. 47 and 47–1(b).[3] After permitting appellant to argue why the court should hear his motion, the motions judge summarily denied it—without prejudice to the filing of a motion that would meet the requirements of the court's rules.[4]

On January 26, 1978, the court tried appellant's case without a jury. During direct examination of the government's first witness—appellant's arresting officer—defense counsel objected to the officer's testimony about statements that appellant had made after his arrest. Counsel then renewed appellant's pretrial motion to suppress. The court took the matter under advisement. On the following day, the court ruled that the motions judge's denial of the motion was the law of the case, and that the court therefore would not reconsider it. At the conclusion of trial, the court found appellant guilty of assault and possession of a prohibited weapon.[5]

## II.

Appellant's pretrial motion to suppress was, as he admitted, a "form motion" that his attorney had been using for sixteen years. The motion merely alleged a consti-

---

1. The officer observed appellant leaving the rest room at the rear of an adult book store. The officer entered the rest room and found a loaded pistol lying on the water tank of the toilet. He then arrested appellant and informed him of his rights. Appellant immediately declared that the gum was his and that he had acquired it while in the service in Germany. At the station house, appellant was again advised of his rights. Shortly thereafter, he admitted that he had pointed a gun at a group of youthful customers on two separate occasions. He also asserted that his prior statement about obtaining the gun in Germany was false. He added that he had recovered the gun from an unknown assailant who had tried to rob the book store a few days earlier. At trial, one of the youths from the bookstore identified appellant as the man who had threatened him. The youth also identified the gun as the one which appellant had held. Appellant took the stand and admitted that he had used the gun to persuade several young customers to leave the store.

2. Appellant was charged with possession of a narcotic drug, D.C.Code 1973, § 33–402, four counts of assault, *id.*, § 22–504, possession of a prohibited weapon, *id.*, § 22–3214(b), carrying a pistol without a license, *id.*, § 22–3204, failure to register a firearm, D.C.Pol.Reg.Art. 51, § 1 & Art. 55, § 11, and possession of ammunition for an unregistered firearm, D.C.Pol.Reg.Art. 53, & 2 Art. 55 § 11. A tenth count, obliteration of the identifying serial number on a pistol, D.C. Code 1973, § 22–3212, was added by an amended information filed on the trial date, January 26, 1978.

3. Super.Ct.Cr.R. 47 and 47–1(b) provide:

[47] An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

[47–1](b) . . . With each motion there shall be filed a statement of the specific points of law and authorities to support the motion. Such statement shall be additional to a statement of grounds in the motion itself, and it shall be entered on the docket. All citations to cases decided by the United States Court of Appeals for the District of Columbia Circuit shall include the volume, number and page of both U.S.App.D.C. and the Federal Reporter. A statement of opposing points and authorities shall be similarly filed, noted and served.

4. The motions judge filed a memorandum opinion in support of the order on November 7, 1977.

5. Prior to trial, the government dropped the charges as to the count of narcotics possession and three of the four counts of assault. Appellant was tried on the remaining counts. At the close of the evidence, the court granted appellant's motion for acquittal as to the counts of carrying a pistol without a license, failure to register a firearm, and possession of ammunition for an unregistered firearm. Following closing argument the court found appellant not guilty of obliterating the serial number on a pistol.

tutional violation in very general terms without providing a factual foundation for the allegations.[6] Appellant claims that despite the generality of the pleading, the motions judge should have granted a full evidentiary hearing. More particularly, he argues that the requirement in Rules 47 and 47–1(b) that the moving party state the grounds in support of the motion should not be interpreted so strictly as to preclude a hearing when the defendant fails to demonstrate, in the motion papers themselves, a detailed factual basis for the motion.

Appellant offers two reasons. First, a defendant, as a practical matter, does not have time to develop a sufficient factual basis for a motion required by Rule 47–1(c) to be filed within 10 days of arraignment or entry of appearance of counsel, whichever is later (unless the court provides otherwise).[7] Perfunctory pleading is therefore essential to preserve a defendant's rights, including the right to effective assistance of counsel. Second, it is unfair in any event to require a defendant to divulge a "substantial part" of his case in motion papers prior to a hearing. Instead, a defendant should be permitted to file a simple motion alleging categories of constitutional violations; this would trigger an automatic hearing at which the government puts on its case affirmatively justifying obtainment of statements and seizure of items from the defendant—followed by defense cross-examination and, if necessary, defense evidence.[8]

**6.** The motion stated in relevant part that appellant moved for suppression of:

all items, pursuant to an arrest or search including, but not limited to:
1. Hashish.
2. Any observations made by the arresting officer or others present during the arrest.
3. Any and all statements, written or oral, or memoranda of statements elicited from the Defendant during or after the execution of the abovementioned arrest.
For reasons therefor states:
1. The abovementioned arrest was illegal and any arrest warrant was illegal, issued without probable cause, in violation of the Fourth Amendment.

**7.** Super.Ct.Cr.R. 47–1(c) provides:
(c) Time for Filing. All motions, except motions to dismiss for lack of speedy trial, or

As to the first point, we agree that defense counsel cannot always be expected to have completed enough discovery within 10 days to provide a sufficient statement of grounds for a motion to suppress. But this is not to say that the defense is compromised by Rules 47 and 47–1. Counsel, during the 10 days, can file a motion for extension of time within which to file a motion to suppress; e. g., an extension until 10 days after completion of timely discovery. Alternatively, counsel can file a motion to suppress based on currently available information, requesting deferral of a hearing or ruling until completion of discovery and amendment of the motion with further particulars. If counsel has asserted valid reasons for such an extension or deferral, it would be an abuse of discretion for the trial court to compromise a defendant's rights by denying such a motion. Thus, the 10-day rule provides no basis for arguing that a defendant cannot make a sufficiently detailed, written motion to suppress in compliance with Rules 47 and 47–1.

By denying the "form" suppression motion without prejudice, the motions judge in the present case essentially preserved appellant's rights, giving counsel time—in effect a continuance—to prepare the requisite motion. Appellant's first argument therefore fails.

Appellant's second argument is premised on an asserted defense right to divulge nothing of its case until after the

motions for release on conditions, for review of such conditions, for reduction of bond or collateral, or for continuance shall be filed within 10 days of arraignment or entry of appearance of counsel, whichever date is later, unless otherwise provided by the court. A statement of opposing points and authorities in writing shall be filed within 5 days thereafter, unless otherwise provided by the court. If not filed within the prescribed time the court may treat the motion as conceded.

**8.** Cutting across both arguments is a contention that the government's liberal policy of discovery is often of little assistance to a defendant in preparing the motion, because it cannot be completed in 10 days and, in any event, a defendant "cannot rely on the opposition's version of the facts."

government has presented evidence affirmatively justifying its actions in obtaining statements or seizing property. This argument, however, overlooks the fact that, in the case of a claimed Fourth Amendment violation, the defendant has the burden of making a prima facie showing of illegality and demonstrating a causal connection between the illegality and the seized evidence. *See Rakas v. Illinois,* —— U.S. ——, 99 S.Ct. 421, 423–24 n.1, 58 L.Ed.2d 387 (1978); *Alderman v. United States,* 394 U.S. 165, 183, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Crews v. United States,* D.C.App., 389 A.2d 277, 289 (1978); *United States v. Thompson,* 409 F.2d 113, 116–17 (6th Cir. 1969).[9] It follows that in order to justify a hearing, the defendant is obliged, in his definitive motion papers, to make factual allegations which, if established, would warrant relief (based on evidence discovered of the government and, if necessary, proffered from defendant's own view of the case). The federal courts have uniformly upheld this approach; allegations that are merely conclusional cannot suffice. *United States v. Thornton,* 147 U.S.App.D.C. 114, 124 n.65, 454 F.2d 957, 967 n.65 (1971); *United States v. Culotta,* 413 F.2d 1343, 1345 (2d Cir. 1969), *cert. denied,* 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970); *Cohen v. United States,* 378 F.2d 751, 760–61 (9th Cir.), *cert. denied,* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967); *see Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 2685, 57 L.Ed.2d 667 (1978); 3 Wright, Federal Practice and Procedure § 675 at 125–26 (1969).

This required procedure is not prejudicial to a defendant. Appellant acknowledges that the prosecution has a liberal policy of pretrial discovery. The rules in any event allow a defendant access to such evidence as his own statements, as well as documents and tangible objects which the government intends to use at trial or are otherwise material to the defendant's case. *See* Super.Ct.Cr.R. 12(c), 16. Such evidence, coupled with witness interviews, will often provide a defendant with sufficient information to make the factual allegations required by the rules, without divulging a substantial part of his own case.[10] If, moreover, a defendant elects to take the stand at a pretrial suppression hearing, his testimony cannot later be used against him on the issue of guilt at trial. *Simmons v. United States,* 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Anderson v. United States,* D.C.App., 326 A.2d 807, 810 (1974), *cert. denied,* 420 U.S. 978, 95 S.Ct. 1405, 43 L.Ed.2d 659 (1975). Consequently, we perceive no unfairness, let alone prejudice, to a defendant from the orderly pretrial suppression procedure outlined above.[11]

9. Upon such a showing, "the burden of producing evidence that will bring the case within one or more exceptions to the exclusionary rule rests squarely upon the prosecution." *Crews, supra* at 289; *see Malcolm v. United States,* D.C.App., 332 A.2d 917, 918 (1975) (absence of search warrant under the circumstances is a sufficient showing to shift "the burden of establishing probable cause" to the government).

10. Appellant's assertion that despite "a liberal policy of pretrial discovery" a defense counsel "cannot rely on the opposition's version of the facts," *see* note 8 *supra,* is therefore without force. Discovery may in fact be useful, but, to the extent that it is not, a defendant has the burden to supplement the motions papers with his own specific assertions of illegality. *See Rakas, supra; Crews, supra.*

11. The Court in *Simmons, supra,* 390 U.S. at 394, 88 S.Ct. at 976, held only that a defendant's testimony at a suppression hearing could not be "admitted against him at trial on the issue of guilt." The Court did not deal with the question whether such testimony could be used to impeach the defendant if he took the stand at trial. In the present case, both parties suggest that such testimony by a defendant could be used for impeachment. Although it appears that this issue has not been answered definitively, *see Pendergrast v. United States,* 135 U.S.App.D.C. 20, 24, n.13, 416 F.2d 776, 780 n.13, *cert. denied,* 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969); *United States v. Harrison,* 461 F.2d 1127, 1132 (5th Cir.), *cert. denied,* 409 U.S. 884, 93 S.Ct. 174, 34 L.Ed.2d 140 (1972), recent rulings of the Supreme Court do provide support for the parties' position. *See Oregon v. Hass,* 420 U.S. 714, 723–24, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) (statements inadmissible in case-in-chief because made after request for counsel are admissible for impeachment); *Harris v. New York,* 401 U.S. 222, 225–26, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (statements inadmissible in case-in-chief because obtained without *Miranda* warnings are admissible for impeachment). However, even if such impeachment were permissible (an issue we do

### III.

Appellant maintains that even if the motions judge properly denied the pretrial suppression motion, the trial judge improperly refused to consider the motion when appellant renewed it at trial during the government's case-in-chief. More specifically, appellant argues that because the motions judge had denied the motion without prejudice, the trial judge erred in declining to hear the motion on the ground that its denial was the "law of the case."

This court has stated on several occasions that the decision on a pretrial motion to suppress becomes the law of the case. *United States v. Allen,* D.C.App., 337 A.2d 512 (1975); *Wheeler v. United States,* D.C.App., 300 A.2d 713, 715 (1973); *United States v. Dockery,* D.C.App., 294 A.2d 158, 163 (1972); *Jenkins v. United States,* D.C. App., 284 A.2d 460, 463–64 (1971). The trial judge may entertain a renewed motion to suppress only if "new grounds, including new facts, are advanced which the defendant could not reasonably have been aware of" at the time of the pretrial hearing. *Jenkins, supra* at 464; *see Allen, supra* at 513; *Wheeler, supra* at 715; *Dockery, supra* at 163. In all these cases, however, the motion to suppress had been decided on the merits, *i. e.,* with prejudice. Although the motions judge in the present case can be said to have decided the merits of a cryptic motion, his doing so without prejudice leaves us uneasy about using a "law of the case" rationale here.

Nonetheless, both the District of Columbia Code and the Superior Court Rules of Criminal Procedure make clear that motions to suppress must be made prior to trial unless a defendant can show good cause for failure to do so. D.C.Code 1973, § 23–104(a)(2) (motion to suppress shall be filed before trial unless the opportunity does not exist or defendant is unaware of

the ground for the motion); Super.Ct.Cr.R. 12(b)(3), (d) (all motions to suppress must be raised prior to trial; failure to make pretrial request constitutes waiver unless the movant can show good cause); *see* Super. Ct.Cr.R. 47–1. In accordance with these rules, this court repeatedly had stated that "the orderly administration of justice mandates that motions to suppress be heard pretrial and that it is only in exceptional cases that such a motion should be entertained at trial." *Smith v. United States,* D.C.App., 295 A.2d 64, 65 n.2 (1972), *cert. denied,* 411 U.S. 951, 93 S.Ct. 1932, 36 L.Ed.2d 414 (1973); *see Anderson, supra; Jenkins, supra.*

Although D.C.Code 1973, § 23–104(a)(2) provides two exceptions to the requirement of a pretrial motion, *i. e.,* when a defendant can demonstrate that he did not have an opportunity to file a motion before trial, or that he was unaware of the grounds for the motion, the appellant cannot avail himself of either exception in this case. He had three months between the motions judge's ruling and the date of trial within which to file a pretrial motion complying with the rules. Thus, appellant had sufficient opportunity to file, within the meaning of the statute. In addition, appellant cannot validly claim that he was unaware of the grounds of the motion until trial, absent some showing of record that he sought pretrial discovery. *See* Super.Ct.Cr.R. 16.[12]

Accordingly, we perceive no basis on which the trial court could have granted appellant's at-trial motion to suppress. Even if the "law of the case" rationale were not the correct justification for the trial court's ruling, this court can affirm the denial of a motion to suppress if, for any reason, the ruling is correct—which it undoubtedly was here. *Randall v. United States,* D.C.App., 353 A.2d 12, 13 (1976).

---

not decide), we do not believe that this possibility alone suggests the kind of prejudice that would justify undoing the customary suppression motion procedure.

**12.** The prosecutor stated at trial that the government's file indicated that appellant had

made no formal request for discovery. "The burden . . . is on a defendant to convince the court that he made the requisite request . . . ." *Rosser v. United States,* D.C.App., 381 A.2d 598, 609 (1977).

By failing to follow the prescribed procedure, appellant waived his right to consideration of the at-trial suppression motion—a preclusion analogous to law-of-the-case analysis.[13] He thus left no discretion in the trial court to hold otherwise, absent a proffer (there was none here) showing that this is an "exceptional" case. *Smith, supra* at 65 n.2.

*Affirmed.*

---

**13.** Theoretically, if appellant's at-trial motion were in the same cryptic form as before trial, its later denial could be premised on the law of the case, in the sense that the court already had held that the form of the motion was insuffi-cient. Here, however, the motion was renewed at trial on the basis of police officer testimony, thereby changing the content of the motion and requiring application of the waiver theory.