John H. BEST, Appellant,

v.

UNITED STATES, Appellee.

No. 88–1110.

District of Columbia Court of Appeals.

Submitted March 29, 1990.
Decided Nov. 29, 1990.

---

James E. McCollum, Jr., College Park, Md., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Gary Wheeler, and Anthony P. Farley, Washington, D.C., Asst. U.S. Attys., were on the brief for appellee.

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge.

After a jury trial, appellant was convicted of (a) distributing, and (b) possessing with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988). He had filed a pretrial motion "to suppress as evidence all tangible evidence and statements obtained as a result of his arrest."

In support of this motion, appellant asserted:

On January 20, 1988, at approximately 5:00 p.m., an undercover police officer allegedly purchased a quantity of a controlled substance from an individual. The undercover officer allegedly handed a marked bill to the individual in exchange for the substance purchased. This purchase allegedly took place in or about a building carrying the address of 501 Virginia Avenue, S.E. The undercover officer allegedly radioed a description of the seller to members of an arrest team. The arrest team allegedly arrived on the scene at approximately 5:15 p.m.

At the time when the arrest team arrived, Mr. Best was standing outside the above address. While he was standing there, Mr. Best was confronted by a number of plainclothes police officers who ordered Mr. Best into the building. Mr. Best was then searched and arrested and a marked twenty dollar bill was allegedly retrieved from his pant pocket. After his arrest, Mr. Best allegedly stated: "you just missed him," or words to that effect.

When Mr. Best was arrested and searched, the police did not have probable cause to believe that he had committed a crime. Mr. Best did not sell any controlled substance to the undercover officer. Since all he was doing was standing outside a building, the police could not have seen him engage in any activities sufficient to make up probable cause for an arrest.

Furthermore, on information and belief, the description of the alleged seller did not match Mr. Best's appearance on the date and time in question.

Since the twenty dollar bill and the statement were obtained as a direct result of an illegal arrest, they should be suppressed.

The trial court denied the motion to suppress without a hearing (and without prejudice). In so ruling, the court relied upon our opinion in *Duddles v. United States,* 399 A.2d 59 (D.C.1979). Just before trial, appellant filed a motion to reconsider the order denying his motion to suppress without a hearing. Appellant there contended his allegations in support of his motion

were sufficient to satisfy the requirements of *Duddles v. United States, supra,* 399 A.2d at 64. He asserted that denying him a hearing on his motion deprived him of "his due process right to litigate a colorable constitutional question." The court denied the motion on the basis that in grounding it upon an assertion that he was not at the scene and therefore must have been misidentified, this fundamentally relates to a claim of innocence of the charges to be tried. The court ruled that the claim should therefore be litigated during the trial, rather than by pretrial motion.

Briefly stated, the trial evidence established that an undercover officer purchased cocaine from appellant and gave him a police pre-recorded twenty dollar bill in payment. The officer relayed a lookout for appellant with a description of him which stated he was wearing a baseball-style cap with a star on it, black jacket, gray jeans and tennis shoes, and it was also stated he was paid with a pre-recorded twenty dollar bill. The officer also relayed the street location where appellant was hiding his supply of cocaine behind a basement wall.

An arresting team soon located appellant from the description given them,[1] and the purchasing undercover officer then rode by and confirmed the correct person was being detained. Appellant was then arrested and searched and the same pre-recorded twenty dollar bill was found in his pocket, and his hidden supply of cocaine was located.

■ On appeal, appellant argues that his motion to suppress presented the issues of (a) whether he "was correctly identified as the seller of a controlled substance when the description did not match [his] appearance on the date and time in question," and (b) whether "the police lacked probable cause to believe he had committed a crime."[2]

The motion to suppress was based principally upon allegations that probable cause for the arrest was lacking because (a) appellant "did not sell any controlled substance to the undercover officer" and "[s]ince all he was doing was standing outside a building, the police could not have seen him engage in any activities sufficient to make up probable cause for an arrest" and (b) "on information and belief, the description of the alleged seller did not match [his] appearance on the date and time in question."[3]

■ In determining whether to hold an evidentiary hearing on the motion to suppress, the trial court considered it was bound by our decision in *Duddles v. United States, supra,* 399 A.2d at 63 (later approved in *Jackson v. United States,* 420 A.2d 1202, 1206 (D.C.1979) (en banc)), holding that "allegations that are merely conclusional" in support of a motion to suppress do not suffice to obtain a hearing on the motion. Rather, a defendant is required "to make factual allegations which, if established, would warrant relief...." *Duddles v. United States, supra,* 399 A.2d at 63. As the allegations in appellant's motion are merely conclusory, the trial court did not err in denying the motion without a hearing.

■ In our recent opinion in *In re F.G.,* 576 A.2d 724 (D.C.1990) (en banc), this court carefully restricted its decision to "a motion to suppress a showup identification." *Id.* at 728. The court pointed out that an accused is present when an arrest is made or his environs are searched and the defendant usually has access to the facts, but where there is a showup identification, by its nature, the accused has little access to the evidence relating to it, in order to make factual allegations. *Id.* at 726. For reasons such as this, the court ruled that motions to suppress showup

---

1. He was wearing a Dallas Cowboy hat, matching the description given.

2. In deciding whether a hearing on the motion to suppress should have been granted, we are bound by the motion as filed in the trial court, and not necessarily as related in the brief on appeal.

3. Appellant in his motion also stated the (police) pre-recorded twenty dollar bill used for the purchase was obtained from him as a result of an illegal arrest and should be suppressed.

identification should be viewed as an exception to the rules of *Duddles v. United States, supra,* 399 A.2d at 63, and *Jackson v. United States, supra,* 420 A.2d at 1206. These cases require a factual showing in support of the motion in order to secure an evidentiary hearing. This court therefore decided that in a motion to suppress a showup identification, the defendant is, without more, entitled to an evidentiary hearing. Since the motion in this case does not involve a showup identification, however, the *Duddles* rule applies here.

The support for appellant's motion to suppress was a mixture of assertions that indicated on the one hand that the police had arrested the correct person ("a marked twenty dollar bill was allegedly retrieved from his pant pocket") and, on the other hand, conclusory statements to the contrary that (a) there was no probable cause because he was innocent of drug trafficking and (b) "on information and belief" the description of him given the police did not match his appearance.

 Since these were simply conclusory assertions, they did not meet the factual specificity required by our decision in *Duddles v. United States, supra,* 399 A.2d at 63. Furthermore, we are now able to conclude after the trial that "a hearing upon the motion ... would have been fruitless for there was ample evidence to establish that there was probable cause for the arrest," [4] *United States v. Culotta,* 413 F.2d 1343, 1345–46 (2d Cir.1969); and there would therefore be no point in going through another evidentiary hearing on remand which would be merely duplicative and fruitless.

*Affirmed.*

STEADMAN, Associate Judge, concurring:

I harbor some doubt whether the *Duddles* test can be applied on the facts here in light of our en banc holding in *In re F.G.,* 576 A.2d 724, 726 (D.C.1990) (en banc) ("*Duddles* expressly premised its test on the availability to the defendant of evidence about the government's actions"). However, I agree with the majority that in any event, the evidence at trial clearly established that there was probable cause for the arrest and therefore to require a remand for an evidentiary hearing would be "fruitless."

---

**4.** The evidence obtained from the subsequent search, *e.g.,* the pre-recorded twenty dollar bill, was not needed to show probable cause to arrest, which was independently established.