Gregory Wendell BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 6109.

District of Columbia Court of Appeals.
Argued March 14, 1972.
Decided April 17, 1972.

**892**

Louis James Morse, Washington, D. C., for appellant.

James A. Fitzgerald, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John J. Mulrooney, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

Appellant was found guilty on an information charging possession of narcotics paraphernalia in violation of D.C.Code 1967, § 22–3601. On this appeal he assigns as error the refusal of the trial court to exclude from the evidence the narcotics paraphernalia which he contends was obtained as the result of a search and seizure violative of his fourth amendment rights.

■ Because appellant did not move, as required by D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971) and implementing Superior Court Criminal Rules 12(b) (3) and 41(g), to suppress as evidence the narcotics paraphernalia, we do not consider his constitutional argument and affirm on procedural grounds.

D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971), and the implementing Superior Court Criminal Rules require that any person who desires to have suppressed evidence allegedly procured by an unlawful search and seizure must do so by motion "made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." These implementing rules differ in an important respect from the Court of General Sessions Criminal Rule 28(e), in effect prior to February 1, 1971. By that rule it was provided in pertinent part that "the Court in its discretion may entertain the motion at the trial."[1]

The purpose and result of the omission of such a provision from D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971), and Superior Court Criminal Rules 12(b) (3) and 41(g) seem obvious.

The deletion of this general discretion clause . . . limits the power of a trial judge to hear a motion to suppress evidence during trial to only the two specific exceptions: (1) lack of opportunity to raise the motion before trial, and (2) lack of awareness of grounds for

---

1. *Cf.* Rule 41(e) of the Federal Rules of Criminal Procedure which contains a similar clause.

motion before trial. [Rauh and Silbert, Criminal Law and Procedure: D.C. Court Reform and Criminal Procedure Act of 1970. 20 Am.U.L.Rev. 252, 323 (1970–71).]

■ Appellant urged to the trial court no justification for his failure to move to suppress the evidence nor did he attempt to bring himself within any one of the two exceptions. ·See the concurring opinion of Judge Nebeker in District of Columbia v. Faison, D.C.App., 278 A.2d 688 (1971). The possibility of suppression therefore being foreclosed, absent a showing of plain error which we do not find upon this record, the court did not err when it admitted as evidence the narcotics paraphernalia and denied the motion for judgment of acquittal. *Cf.* Jenkins v. United States, D.C.App., 284 A.2d 460, 464 (1971).

Affirmed.