Willis F. STREATER, Appellant,

v.

UNITED STATES, Appellee.

No. 79–899.

District of Columbia Court of Appeals.

Submitted Oct. 8, 1980.

Decided Nov. 10, 1980.*

Richard L. Fields, Washington, D. C., appointed by the court, was on the brief for appellant.

Charles F. C. Ruff, U. S. Atty., and John A. Terry, John Brooks Harrington and Anthony C. DiGioia, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

1. The motion acknowledged and applied the procedures set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to be followed when court-appointed counsel seeks to withdraw from a criminal appeal.

2. Section 23–110 provides, in pertinent part:

Before KELLY, KERN and HARRIS, Associate Judges.

PER CURIAM:

On July 29, 1976, appellant Willis F. Streater was convicted at a jury trial of one count of robbery, D.C. Code 1973, § 22–2901, and acquitted of two counts of armed robbery, D.C. Code 1973, §§ 22–2901, –3202, and assault with a dangerous weapon, D.C. Code 1973, § 22–502. Appellant's retained trial counsel was appointed as his representative on appeal to this court. On November 14, 1977, counsel filed a motion to withdraw from the appeal certifying that there were no nonfrivolous issues for appeal.[1] We entered an order on August 15, 1978, granting the motion to withdraw and affirming appellant's conviction.

Four months later, on December 27, 1978, appellant filed, pro se, a motion in the District of Columbia Superior Court to vacate his sentence pursuant to D.C. Code 1973, § 23–110.[2] The Superior Court granted appellant's request for court-appointed counsel and appointed Martin J. Callaghan. On April 20, 1979, Mr. Callaghan filed a supplemental motion to vacate sentence pursuant to D.C. Code 1973, § 23–110. An evidentiary hearing on the motion was held on May 24, 1979. Superior Court Judge Norma Holloway Johnson issued an opinion and order on August 8, 1979, denying appellant's motion to vacate sentence. Judge Johnson found that "the Court of Appeals was able to provide full consideration and resolution of the issues as there was indeed an advocate," using the Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) test. Appellant now appeals that finding.

(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

We hold that the grounds for the relief requested by appellant are not within the purview of § 23–110. (See note 2 supra.) Appellant has not argued that his sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia. Nor has the appellant argued that the Superior Court was without jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law. And, finally, appellant has not argued that his sentence is otherwise subject to collateral attack.

Appellant has raised, as grounds for vacating his sentence, counsel's alleged ineffectiveness in prosecuting the appeal. Section 23–110 provides no basis upon which the trial court may review appellate proceedings. Two federal courts of appeals have sustained district court dismissals of motions to vacate under 28 U.S.C. § 2255 which "is nearly identical and functionally equivalent" to § 23–110, Butler v. United States, D.C.App., 388 A.2d 883, 886 n.5 (1978). The Third Circuit in Rivera v. United States, 477 F.2d 927 (1973), and the Fifth Circuit in Quinn v. United States, 500 F.2d 387 (1974), ruled that 28 U.S.C. § 2255 does not grant the district court authority to vacate sentences for denial of rights on appeal.

Affirmed.