## McCARTHY, SUPERINTENDENT *v.* HARPER

No. A-631.   Decided February 3, 1981

JUSTICE REHNQUIST, Circuit Justice.

Applicant McCarthy has requested me to stay the issuance of the mandate of the Court of Appeals for the Ninth Circuit in this case pending his petition for certiorari on the grounds that the Court of Appeals failed to require respondent to exhaust all of his state remedies before seeking federal habeas to challenge his conviction.   The Court of Appeals reversed a judgment of the United States District Court for the Central District of California dismissing respondent's petition for habeas corpus, and in doing so it relied on its own earlier decision in *Harris* v. *Superior Court,* 500 F. 2d 1124 (1974) (en banc), cert. denied, 420 U. S. 973 (1975).   *Harris* in turn held that a "postcard" denial of a petition for writ of habeas corpus by the California Supreme Court, without opinion or citation, constitutes a denial on the merits and therefore satisfies the exhaustion requirement.

Because I felt there was a threshold jurisdictional problem

which had not been addressed by the Court of Appeals or by the applicant, I called for a response from the respondent. This document, consisting of 16 lines of text, quite candidly states that "respondent must tell the court that according to the records of the California Bureau of Prisons, Theodore Monroe Harper is no longer in prison or on parole. Respondent's counsel did not learn this until a few days ago, when a status letter to Mr. Harper and copies of pleadings which he had sent to his client were returned without a forwarding address. Respondent's counsel now is unable to locate his client. As a result of this situation, it is respondent's belief that this case may be moot and no case or controversy may be present." Response to Application 1.

Federal habeas corpus is a civil action, and this Court has jurisdiction to consider applicant's petition for certiorari to the Court of Appeals for the Ninth Circuit only if the case was properly appealed from the District Court to the Court of Appeals. Title 28 U. S. C. § 2253 provides in pertinent part:

> "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

The District Court in this case, in a judgment rendered pursuant to Federal Rule of Civil Procedure 58, stated that "It is adjudged that the Petition for Writ of Habeas Corpus is dismissed." There is no indication that either the judge of the District Court or a circuit justice or judge has issued a certificate of probable cause in this case. As presently advised I am therefore of the opinion, which I believe would be shared by at least four of my colleagues, that the Court of Appeals was prohibited by statute from entertaining respondent's appeal from the order of the District Court dismissing

his application for a writ of habeas corpus. "Though neither party has questioned the jurisdiction of the Court of Appeals to entertain the appeal, we are obligated to do so on our own motion if a question thereto exists." *Liberty Mutual Insurance Co.* v. *Wetzel,* 424 U. S. 737, 740 (1976). That leads me to the further conclusion that this Court would grant applicant's petition for certiorari, and, unless it chose to ignore the above quoted provision of 28 U. S. C. § 2253, reverse the judgment of the Court of Appeals with instructions to dismiss respondent's appeal from the order of the District Court.

If I am correct in my reasoning, the mandate of the Court of Appeals for the Ninth Circuit should be stayed pending applicant's petition for certiorari to this Court. Because of the jurisdictional defect in the appeal, I find it unnecessary to reach applicant's contentions respecting the correctness of the decision of the Court of Appeals for the Ninth Circuit in *Harris* v. *Superior Court, supra.*

A stay has been entered pending the timely filing of a petition for writ of certiorari by applicant, with the usual terms as to its duration.

*It is so ordered.*