**Willis F. STREATER, Appellant**

v.

**Delbert JACKSON.**

**No. 81–1988.**

United States Court of Appeals,
District of Columbia Circuit.

Submitted Oct. 15, 1982.
Decided Oct. 29, 1982.

Willis F. Streater, pro se.

Stanley S. Harris, U.S. Atty., Washington, D.C., with whom John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Catherine R. Mack, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before TAMM and GINSBURG, Circuit Judges, and J. EDWARD LUMBARD,* Senior Circuit Judge, United States Court of Appeals for the Second Circuit.

Opinion PER CURIAM.

PER CURIAM:

Appellant Willis F. Streater was convicted of robbery in the D.C. Superior Court on July 29, 1976. He complains of ineffective assistance of counsel in the appeal taken from that conviction.[1] Streater first sought post-conviction relief by motion to vacate sentence pursuant to D.C.Code § 23–110,[2] filed in Superior Court on December 27, 1978. After appointing counsel and holding a hearing, the Superior Court denied the motion on the merits on August 6, 1979,[3] and Streater appealed. Without reaching the merits, the D.C. Court of Appeals ruled, in a November 10, 1980, memorandum opinion and judgment, that Streater's complaint was not cognizable in Superior Court under D.C.Code § 23–110 because that section "provides no basis upon which the trial court may review appellate proceedings." *Streater v. United States,* 429 A.2d 173, 174 (D.C.1980) (per curiam), *appeal dismissed and cert. denied,* 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981).

Urging that he had pursued local relief to no avail, Streater petitioned the United States District Court for the District of

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Counsel retained by Streater for trial was appointed to represent him on appeal. On November 14, 1977, that counsel moved to withdraw, because he concluded there was no real basis in fact or in law for the appeal. On August 15, 1978, the D.C. Court of Appeals granted the motion and affirmed the conviction, finding from its review of the record that "the case present[ed] no nonfrivolous issue." Streater asserts he was not informed of this decision until November 1978.

2. A prisoner authorized to move for relief pursuant to D.C.Code § 23–110 may not pursue another avenue of post-conviction relief in local or federal courts unless the "remedy by motion is inadequate or ineffective to test the legality of his detention." *See Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977).

3. The Superior Court concluded Streater had received effective assistance in counsel's search for nonfrivolous issues. This conclusion, the Superior Court believed, was reinforced by the D.C. Court of Appeals' review of the record before that court granted counsel's motion to withdraw and affirmed Streater's conviction.

Columbia for a writ of habeas corpus. In an August 7, 1981, memorandum opinion and order, the District Court, stating that Streater could seek relief in Superior Court under D.C.Code § 16–1901,[4] dismissed the petition for failure to exhaust local remedies. Streater now appeals from the District Court's dismissal of his federal petition for habeas corpus.

Appearing here *pro se,* Streater asserts that he has been "given the run around" (Brief for Appellant at 9) in his effort to *obtain an adjudication of his ineffective* assistance of counsel claim. He argues it would be futile for him to return to the Superior Court when the D.C. Court of Appeals already has foreclosed any remedy there on the ground that a trial court is not positioned to review proceedings in a court of appeals. His argument has force. The D.C. Court of Appeals has clarified that the Superior Court may not proceed under D.C. Code § 23–110 to "review appellate proceedings," but it has not enlightened Streater as to the remedy, if any, still open to him in the local courts.

In these circumstances, we conclude it was not appropriate for the District Court to dismiss Streater's petition and refer him back to the Superior Court. However,

> it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist."

*Ex parte Hawk,* 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944) (quoting *Unit-*

*ed States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138 (1925)). *See, most recently, Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Further, it is apparent that the D.C. Court of Appeals is the tribunal best situated to address Streater's claim that he was denied effective assistance of counsel in that forum.

Mindful that relations between the District of Columbia and federal systems should not be "disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," *Ex parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886), we believe the D.C. Court of Appeals should be invited to consider and rule on the merits of Streater's claim for post-conviction relief. Accordingly, we vacate the judgment of the District Court and remand with instructions to hold Streater's petition in abeyance pending his application to the D.C. Court of Appeals to recall its mandate and reopen the direct appeal of his conviction.[5] With a cogent ruling from the D.C. Court of Appeals concerning local relief, if any, for Streater, the District Court will be in a position to rule intelligently on his federal petition for habeas corpus.

*It is so ordered.*

---

4. D.C.Code § 16–1901 provides for petitions to the Superior Court for writs of habeas corpus.

5. Should Streater fail to move in the D.C. Court of Appeals for such relief within a reasonable time, dismissal of his habeas corpus petition by the District Court would be justified.