**Willis F. STREATER, a/k/a Willie F. Streater, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11650.**

District of Columbia Court of Appeals.

Argued March 7, 1984.

Decided July 6, 1984.

Charles S. Carroccio, Jr., Rockville, Md., appointed by the court, for appellant.

John M. Facciola, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Theodore A. Shmanda and Catherine R. Mack, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PRYOR, Associate Judge:

On July 29, 1976, a jury found appellant guilty of robbery, D.C.Code § 22–2901 (1973). He was acquitted on charges of armed robbery, *id.* §§ 22–2901, –3202, and assault with a dangerous weapon, *id.* § 22–502. Appellant received a sentence of imprisonment, and thereafter filed an appeal.

Appellant's trial counsel was appointed to present the appeal. On November 14, 1977, however, counsel filed an *Anders*[1] motion to withdraw from the case, as he could identify no nonfrivolous grounds for the appeal.[2] A motions panel of this court, "having reviewed the motion and the record ... and being of the view this case presents no nonfrivolous issue," granted

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. Counsel stated, after summarizing the evidence in the Statement of Fact appended to his withdrawal motion, that "counsel cannot find error in the trial proceedings. Counsel carefully considered the government's opening statement, the trial proceedings, closing argument of the government and the jury instructions in arriving at his conclusion that there are no

non-frivolous issues involved in this appeal." He concluded:

> Perusal of this record, diligent thought, and extensive research have all failed to call to counsel's attention a single issue of merit in this case.
>
> Should this court direct, counsel will brief in an advocate posture, such issues as this court might wish to explore and will be available for oral argument should a hearing be ordered on this motion.

the motion and affirmed appellant's conviction. *Streater v. United States*, No. 11650 (D.C. Aug. 15, 1978) (unpublished).

Appellant returned to Superior Court several months later, and filed a *pro se* motion, pursuant to D.C.Code § 23–110 (1973), seeking to vacate his sentence on the ground that his counsel had rendered ineffective assistance during the appeal. On April 20, 1979, a memorandum of supporting points and authorities was filed by appellant's new court-appointed counsel. It was asserted that appellant's initial counsel had not met *Anders'* requirements when he sought permission to withdraw from the case. After a hearing, the trial court denied appellant's motion, finding that *Anders* had been satisfied and that counsel had rendered effective assistance during the appeal. We affirmed, but not on the merits, holding that § 23–110 did not permit the relief sought by appellant. *Streater v. United States*, 429 A.2d 173, 174 (D.C.1980) (per curiam), *appeal dismissed and cert. denied*, 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981).

■■■ In June 1981, appellant filed a habeas corpus petition in United States District Court, alleging ineffective assistance of his appellate counsel. The District Court declined to consider the petition on the merits because appellant had not exhausted his local remedies. The United States Court of Appeals vacated this ruling, however, because it accepted appellant's argument that *Streater v. United States, supra*, 429 A.2d at 174, rendered

futile appellant's return to the local courts. *Streater v. Jackson*, 223 U.S.App.D.C. 393, 395, 691 F.2d 1026, 1028 (1982) (per curiam). The Circuit Court ordered appellant's habeas petition held "in abeyance," and allowed that the petition could eventually be dismissed by the District Court, unless appellant sought from this court an opportunity to "reopen the direct appeal of his conviction." *Id.* at 395 & n. 5, 691 F.2d at 1028 & n. 5. Appellant, therefore, moved this court to reopen his direct appeal on November 29, 1982. A motions panel of this court granted the request, and vacated the August 15, 1978 judgment. *Streater v. United States*, No. 11650 (D.C. March 11, 1983) (order). New appellate counsel was appointed, transcripts were ordered, briefs were filed, and arguments were heard. We now proceed to discuss the merits of this "renewed direct appeal." [3]

## I

The pertinent facts may be stated briefly. John Johnson testified that Jacob Brooks approached him in a bar and demanded money at the point of a gun. Appellant, who stood behind Johnson, took money from Johnson's wallet. Johnson notified police.

A warrant for appellant's arrest was obtained. Metropolitan Police Officer John Griffith testified that he and a partner arrived at appellant's house to execute the warrant. A woman answered the door; the police told her that they were looking

---

**3.** The government argues that res judicata principles and the need for finality in litigation preclude this court from reopening appellant's direct appeal. While this position has considerable force, we hold that the time to have asserted it was in opposition to appellant's motion to reopen the appeal. The government did not do so, and has thereby waived the point.

Separate and apart from the doctrine of res judicata, we note in passing that "[t]he power of the court to recall its mandate emanates ... from an inherent power to recall a mandate upon a showing of good cause, ...." *Dilley v. Alexander*, 200 U.S.App.D.C. 354, 357, 627 F.2d 407, 410 (1980). "[T]he 'mandate' rule is related to the doctrine of 'law of the case,' as a doctrine

to achieve finality." *Greater Boston Television Corp. v. FCC*, 149 U.S.App.D.C. 322, 333, 463 F.2d 268, 279 (1971) (footnote omitted). As such, it is "a doctrine of 'judicial administration' that does not limit the power of the appellate court." *Id.* at 333, 463 F.2d at 279 (footnote omitted).

Finally, we add our opinion that present consideration of and judgment upon the merits of this appeal renders moot appellant's claim, most recently advanced in the Circuit Court, that his original appellate counsel provided ineffective assistance. We do not, therefore, address this issue. *See* D.C.Code § 11–705(b) (1981); *United States v. Cummings*, 301 A.2d 229, 231 (D.C. 1973) (per curiam).

for appellant. The woman asked the officers to wait outside. After several minutes, she admitted them into the apartment. The apartment was searched, and appellant was discovered hiding in a sofa. A gun, also found in the sofa, was seized and introduced into evidence at trial.

## II

Appellant contends that the handgun discovered by police in the sofa was the fruit of an unlawful search and should have been suppressed. He argues that the woman who allowed police officers to search the apartment either did not consent to their search or had no "common authority" over the apartment necessary to make her consent effective. *See United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974).

■■■ Appellant did not move before trial to suppress the handgun, as required by statute and court rules. D.C.Code § 23–104(a)(2) (1973); Super.Ct.Crim.R. 12(b)(3), 47–I(c). He alleges no good cause for his failure to do so and, therefore, has waived the issue on appeal. *Brown v. United States*, 289 A.2d 891, 892–93 (D.C.1972). We observe, however, that the police officers had complete authority to search the house for appellant, without anyone's consent, by virtue of the arrest warrant they carried. *See Payton v. New York*, 445 U.S. 573, 602–03, 100 S.Ct. 1371, 1388, 63 L.Ed.2d 639 (1980). The admission of the handgun was therefore proper. "[W]e perceive no basis on which the trial court could have granted appellant's ... motion to suppress." *Duddles v. United States*, 399 A.2d 59, 64 (D.C.1979).

## III

■■■ Appellant also contends that the evidence adduced at trial was insufficient to support his robbery conviction. We disagree. The victim, Johnson, testified that appellant took money from his wallet while codefendant Brooks held him at gunpoint. Johnson, who knew appellant, told arriving police officers that appellant was one of the perpetrators. This evidence was sufficient to allow a reasonable jury to reasonably conclude that appellant had committed robbery.[4] *Curley v. United States*, 81 U.S. App.D.C. 389, 392–93, 160 F.2d 229, 232–33, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947); *see Boyd v. United States*, 473 A.2d 828, 832 (D.C.1984) (victim's testimony sufficient to support armed rape conviction).

## IV

■■■ Appellant complains that the prosecutor erred by implying to the jury that appellant's hiding in the sofa, while police searched his apartment, pointed to his consciousness of guilt. Concealment, like flight, is a circumstance which may give rise to a reasonable inference that the accused was aware of his guilt at the time. *Williamson v. United States*, 445 A.2d 975, 981 (D.C.1982); *Christian v. United States*, 394 A.2d 1, 32–33 (D.C.1978), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). The prosecutor, of course, is permitted to argue all reasonable inferences from the evidence adduced at

---

**4.** Contrary to appellant's view, we do not think that Minnie Bynum's testimony necessarily contradicted Johnson's. Even if it did, however, it is clear that this would not have undercut the legal sufficiency of the government's case. Conflicts in evidence are reserved for jury resolution. *Anderson v. United States*, 364 A.2d 143, 145 (D.C.1976).

Appellant also contends that there was insufficient evidence to convict because the transcript does not clearly reflect whether he was identified in court by the victim. When asked to identify the man who robbed him, Johnson pointed to a "Mr. Streater," who wore a "gray or blue—a light gray" shirt. Contrary to appellant's argument, it is of no special import in this case that the record failed to reflect that the person so identified was appellant. We are bound to indulge reasonable inferences in favor of the government when considering sufficiency; the transcript indicates that Johnson did identify appellant in court. Moreover, an in-court identification is not necessarily required to survive a motion for acquittal. We think it helpful to have the record clearly reflect when one is successfully made, however.

trial. *Tuckson v. United States*, 364 A.2d 138, 142 (D.C.1976); *ABA Standards Relating to the Prosecution Function* 5.8(a) (Approved Draft 1971). There was no error here.

## V

Finally, appellant raises the spectre of ineffective assistance of trial counsel. We only consider the claim that counsel erred by failing to request severance of appellant's case from that of codefendant Brooks.[5]

The proponent of an ineffective assistance of counsel claim bears a " 'heavy burden of proving prejudice.' " *Williams v. United States*, 421 A.2d 19, 26 (D.C. 1980) (quoting *Thornton v. United States*, 357 A.2d 429, 435 (D.C.), *cert. denied*, 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976)); *see also Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984). In order to establish prejudice here, appellant must demonstrate that the failure to sever created the danger that the jury would infer guilt solely because his and Brooks' defenses were irreconcilable. *Johnson v. United States*, 398 A.2d 354, 368 (D.C.1979) (quoting *Rhone v. United States*, 125 U.S.App. D.C. 47, 48, 365 F.2d 980, 981 (1966) (per curiam)). Appellant asserts that Brooks' alibi defense "seemed detrimental" to his own defense, but this conclusory statement does not alone establish prejudice. Appellant simply has not met his burden of proof; we are convinced that severance in this case would not have been warranted. *See Hack v. United States*, 445 A.2d 634, 638–39 (D.C.1982).

5. Trial counsel's other alleged errors related to contentions dismissed above as being without merit.

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. *Ex parte Hawk*, 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944).

## VI

In sum, we conclude, after reviewing the merits, that appellant's conviction should be

*Affirmed.*

NEBEKER, Associate Judge, concurring:

This second generation appeal has been born of a concern by the United States Court of Appeals for the District of Columbia Circuit that this court system has, in Streater's words, given him "the run around" in a claim of constitutional dimensions. *Streater v. Jackson*, 223 U.S.App. D.C. 393, 395, 691 F.2d 1026, 1028 (1982). The claim is that he received "ineffective assistance of counsel" on appeal when his conviction was affirmed by this court in an *Anders*[1] procedure. The federal court of appeals assumed, without citation of authority, a right to effective assistance of counsel on appeal and found that "exceptional circumstances of peculiar urgency ... exist,"[2] permitting their intervention in this case. It did not state what those exceptional circumstances were.[3] The fact is that this court in 1978 followed, as it had before and has since, the procedure outlined in *Anders* in affirming Streater's conviction. Counsel could find no nonfrivolous issue to present. He so informed this court and Streater. The court performed a review of the record, as *Anders* requires, and independently reached the same conclusion. *See* Internal Operating Procedures, DCCA, Part IV–D (providing for *Anders* dispositions by motions divisions "but only after review of the record on appeal, including reporter's transcript"). The assumptions that Streater had a Sixth Amendment right to effective assistance of counsel on appeal

3. Interestingly, an examination of the District Court record and the clerk's file in the circuit court does not reveal a certificate of probable cause for appeal from the District Court's original dismissal of the petition. 28 U.S.C. § 2253 (1982) requires such a certificate to vest the circuit court with jurisdiction. *See McCarthy v. Harper*, 449 U.S. 1309, 101 S.Ct. 827, 66 L.Ed.2d 782 (1981).

and was deprived of that right, are most doubtful. *Anders* contemplates the procedure we followed—a procedure without counsel as an advocate. Surely the Supreme Court in that case, and most recently in *Jones v. Barnes,* — U.S. —, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), has not fashioned a constitutionally faulty procedure let alone one warranting extraordinary intervention through federal habeas corpus proceedings as if this case were one of exceptional circumstances of peculiar urgency.

When this court affirms a judgment of conviction under the *Anders* procedure, there is no basis to assume that the appellate process does not conform to appropriate standards. *Cf. Jones v. Barnes, supra,* 103 S.Ct. at 3312 (no constitutional right to have counsel advance every nonfrivolous issue urged by appellant). *Anders* itself contemplates that counsel may be allowed to withdraw. Simply put, our affirmance on review of the record, including the trial transcript, eclipses any contention that counsel or our procedure was inadequate.

Aside from the *Anders* procedure as reinforced last year in *Jones v. Barnes, supra,* it is noted that the United States Supreme Court has granted certiorari to decide the reach of the Sixth Amendment right to assistance of counsel on appeal. *See Lucey v. Kavanaugh,* 724 F.2d 560 (6th Cir.), *cert. granted,* — U.S. —, 104 S.Ct. 2149, 80 L.Ed.2d 535 (1984). I note in passing, however, that the Sixth Amendment is wholly in trial context and takes no account of the review process.

In all criminal *prosecutions,* the accused shall enjoy the right to a speedy and public *trial,* by an impartial *jury* of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the *accusation;* to be confronted with the *witnesses* against him; to have *compulsory process* for obtaining *witnesses* in his favor, and to have the Assistance of Counsel for his *defence.*

U.S. Const. amend. VI (emphasis added). *But see* Strazzella, *Ineffective Assistance of Counsel,* 19 ARIZ.L.REV. 443, 466–67 n. 117, 118 (1977).

This case is curious for yet another reason. In *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), the Supreme Court held that D.C.Code 23–110(g) (1981), precludes resort to federal habeas corpus proceedings just as the Congress had done through 28 U.S.C. § 2255. The Court said:

Just as § 2255 was intended to substitute a different forum and a different procedure for collateral review of federal convictions, § 23–110(g) was plainly intended to achieve a parallel result with respect to convictions in the District of Columbia.

*Id.* at 378, 97 S.Ct. at 1228. How Congress can be taken to have permitted federal habeas corpus proceedings to be interposed to question the appellate process of this court but not the trial court process seems impossible to reconcile. In any event, since the circuit court's brief *per curiam* opinion did not address this issue, I assume that it did not reach and decide it. That court, however, ordered the habeas corpus proceedings open for a more "intelligently" based ruling after this court could be "invited" to consider and rule on Streater's claim. *Streater v. Jackson, supra,* 223 U.S.App.D.C. at 395, 691 F.2d at 1028. Our motions division accepted that invitation by reopening the appeal and vacating the judgment of affirmance. The District Court has now appropriately dismissed the habeas petition as moot.