**Michael LINDSEY,
Petitioner–Appellant,**

**v.**

**Morris THIGPEN, Commissioner, Alabama Department of Corrections,
Respondent–Appellee.**

No. 89–7299.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1989.

Louis E. Braswell, David A. Bagwell, Mobile, Ala., for petitioner-appellant.

Ed Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

Michael Lindsey, convicted of murder and sentenced to death seeks a certificate of probable cause to appeal the district court's denial of his second petition for habeas corpus. He also has moved to expedite the appeal and to stay his execution, which currently is scheduled for May 26, 1989. We decline to issue a certificate of probable cause.

## I. BACKGROUND

The facts of Lindsey's case are set forth in our opinion affirming the district court's denial of his first petition for habeas corpus. *Lindsey v. Smith*, 820 F.2d 1137 (11th Cir.), *reh'g denied*, 828 F.2d 775 (1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 1327, 103 L.Ed.2d 595, *reh'g denied*, —— U.S. ——, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989). The procedural history of Lindsey's trek through the courts is chronicled in our order, also entered today, denying Lindsey's petition for a writ of mandamus directing the district court to appoint for his representation in state collateral-review proceedings an attorney with three years' experience handling felony appeals and a psychiatrist. *In re Lindsey*, 875 F.2d 1502 (11th Cir.1989).

## II. DISCUSSION.

Lindsey's second petition for a federal writ of habeas corpus alleged as its sole ground for relief that Lindsey currently is insane and that, therefore, his execution, which currently is scheduled for May 26, 1989, would violate the eighth amendment's prohibition against cruel and unusual punishment as interpreted by the Supreme Court in *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). The district court denied relief on the ground that Lindsey has failed to exhaust all available state remedies.

In support of his application for a certificate of probable cause to appeal ("CPC"), Lindsey nowhere takes issue with the district court's denial of the writ of habeas corpus. He simply complains that the district court failed to replace his current lawyers with one having three years' experience handling felony appeals and refused to appoint a psychiatrist to assist in the presentation of his case. Both of these appointments Lindsey asserts the court was required to make under 21 U.S.C. § 848(q).[1] Yet, Lindsey does not argue that the district court's failure to give him a new lawyer and a psychiatrist prejudiced his ability to show that he has exhausted his state remedies. Indeed, he does not even argue that he has exhausted all available state remedies. Consequently, we deny CPC.

The only grounds apparent to us for reversing the district court's denial of habeas relief would be that Lindsey has indeed exhausted his state remedies or that the district court's unjustified refusal to appoint a new lawyer prejudiced Lindsey's ability to demonstrate that he has exhausted all available state remedies. Although Lindsey has argued that the district court's refusal to appoint a new lawyer was unjustified, he has not alleged any prejudice therefrom, and he has not alleged that he has exhausted his state remedies. In short, he has failed to make a "substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

Accordingly, the application for a certificate of probable cause to appeal the district court's denial of the petition for a writ of habeas corpus is DENIED, the motion for a stay of execution is DENIED, and the motion to expedite the appeal is DENIED.

---

1. This argument also is the basis of Lindsey's petition for a writ of mandamus.