978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James MURDOCK, Petitioner/Appellant,
v.
Ronald J. HAWS, Respondent/Appellee.
 No. 90-2999.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Nov. 4, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 James Murdock was convicted of two counts of deviate sexual assault and one count of robbery after a jury trial in Illinois state court. An Illinois appellate court affirmed one of the deviate sexual assault convictions and the prison sentence that the trial court had imposed. After exhausting his state-court remedies, Murdock filed a petition for a writ of habeas corpus under 28 U.S.C. § 2554. The district court denied the petition. Murdock appealed.
 
 
 2
 Contrary to both parties' briefs, a certificate of probable cause was issued in this case. The certificate is, of course, a necessary predicate for Murdock's appeal to continue. Without it, we lack jurisdiction. 28 U.S.C. § 2553; McCarthy v. Harper, 449 U.S. 1309, 1309 (1981) (Rehnquist, Circuit Justice). Judge Baker issued a certificate of probable cause in September 1990, granting us jurisdiction. It is of no consequence that Judge Baker issued the certificate only after Murdock had filed his notice of appeal. The filing of a notice of appeal does not strip the district court of its authority to issue a certificate of probable cause. Fed.R.App.P. 22(a); Wilson v. O'Leary, 895 F.2d 378, 382 (7th Cir.1990).
 
 
 3
 Our review of the briefs and the record leads us to conclude that the district court carefully considered and properly resolved all challenges when denying Murdock's petition for a writ of habeas corpus. We AFFIRM the judgment of the district court for the reasons set forth in the attached order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 4
 UNITED STATES OF AMERICA, ex rel., JAMES MURDOCK, Petitioner,
 
 
 5
 vs.
 
 
 6
 RONALD HAWS, et al., Respondents.
 
 No. 89-2160
 July 9, 1990
 ORDER
 
 7
 The petitioner, James Murdock, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial, the Circuit Court of Peoria County convicted the petitioner of one count of robbery and two counts of deviate sexual assault and sentenced him to two concurrent terms of 40 to 120 years imprisonment on the deviate sexual assault charges. The Illinois Appellate Court, Third Judicial District, reversed one of the deviate sexual assault convictions, but affirmed the second and affirmed the 40 to 120 year sentence on the second charge. People v. Murdock, 50 Ill.App.3d 198, 375 N.E.2d 1301 (1977). Murdock now seeks a writ of habeas corpus alleging that he was denied his Sixth Amendment right to effective assistance of counsel and that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.
 
 
 8
 Murdock claims that he was denied effective trial counsel when his trial attorney stipulated to the qualifications of the State's fingerprint expert, Officer Craig Ganda of the Peoria Police Department. Officer Ganda testified that a fingerprint that he lifted from a Pepsi can in the victim's apartment matched James Murdock's fingerprint. Murdock's defense during the trial was consent. He admitted being with the victim at her apartment and drinking a soda there.
 
 SIXTH AMENDMENT CLAIM
 
 9
 The Sixth Amendment guarantees that a criminal defendant will not be convicted without effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To raise a successful Strickland claim, the defendant must establish that his counsel's performance was both Constitutionally deficient and that the deficiency prejudiced the outcome of the trial. A court reviewing a trial counsel's performance must "evaluate the conduct from counsel's perspective at the time." Id. at 689. Additionally, the court must labor under "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. Finally, the court is not free to question the objectively reasonable strategic decisions of counsel. Id. at 690.
 
 
 10
 In the present case, Murdock's trial counsel stipulated that Officer Ganda was a fingerprint expert. Stipulating to the opponent's expert's qualifications is a common strategy. Counsel that stipulates to an expert's qualifications seeks to lessen the impact of the expert's qualifications in front of the factfinder and create an image of fairness in front of the factfinder. In the present case, Murdock's counsel was reasonable in stipulating. The State skipped detailing Officer Ganda's qualifications which may have lessened the impact of Ganda's testimony to the jury. The defense counsel attempted to capitalize on this by attacking Ganda's methods and characterizing those methods as slipshod.[1] That this strategy failed does not mean that the defense counsel was incompetent.
 
 
 11
 Even if the court were to conclude that the defense counsel was ineffective, Murdock fails to satisfy the prejudice prong of the Strickland test. Murdock's defense was consent. He admitted to being in the apartment and to drinking a soda while he was there. Thus, Officer Ganda's testimony only buttressed the defendant's own testimony. Thus, Murdock fails to raise a reasonable probability that the result of the trial would have been different.
 
 EIGHTH AMENDMENT CLAIM
 
 12
 Murdock's second ground for habeas relief is that his sentence of 40 to 120 years is excessive. The sentence was within the statutory limits set by Illinois law, and "its severity is not sufficient ground for relief on federal habeas corpus." United States, ex rel. Sluder v. Brantley, 454 F.2d 1266 (7th Cir.1972). Moreover, the sentence was not excessive considering the nature of the crime and the defendant's prior criminal history. The facts show that, on September 12, 1975, the defendant held a blind woman hostage for approximately five hours. During that time period, he choked her, slapped her, subjected her to vile language, fondled her breasts, inserted his fingers into her vagina, performed acts of cunnilingus on her, and made other attempts at sexual contact with her. He also threatened to kill her and demanded money from her. Murdock has a criminal history dating back to 1961. Some of his prior offenses include burglary, theft, and armed robbery.
 
 
 13
 IT IS THEREFORE ORDERED that the petitioner's petition for a writ of habeas corpus is denied.
 
 
 14
 /s/ HAROLD A. BAKER
 
 CHIEF UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record
 
 
 [1]
 In the closing arguments, Murdock's defense counsel, Inman, stated:
 What about the fingerprint efforts? What about the efforts to complete the comparisons of prints to find out any further examples as to whom other prints might have belonged to? What about that partial palm print that was found in the apartment that, until this moment, had not been tied to any individual at all? What about the effort to even complete elimination as to that print, the effort even to find a print from the parents or from the Thompsons? Why was that job not completed? What about that beer can in the apartment that was on the table where the Pepsi can was left? What about that?
 People v. Murdock, 75 C.F. 5975 (1975) (transcript of proceedings, pp. 346-47).