Ricky David SECHREST, Petitioner,

v.

John IGNACIO et al., Respondents.

CV–N–92–0536–ECR.

United States District Court,
D. Nevada.

Sept. 12, 1996.

**1254**

Robert Bruce Lindsay, Reno, NV, for Petitioner.

Robert Wieland, Attorney General's Office, Carson City, NV, for Respondents.

---

## ORDER

EDWARD C. REED, Jr., District Judge.

■ Petitioner Ricky David Sechrest, a prisoner in the custody of the State of Nevada under a sentence of death, has filed a notice of appeal from this court's denial, by Order filed July 29, 1996 (Doc. # 81), of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court of appeals may not issue its ruling until this court first determines whether Petitioner has adequate grounds to pursue his appeal.[1]  Fed.R.App.P. 22(b); *McCarthy v. Harper*, 449 U.S. 1309, 101 S.Ct. 827, 66 L.Ed.2d 782 (1981); *Christian v. Rhode*, 41 F.3d 461, 470 (9th Cir. 1994).  Recent amendments to the federal statutes governing availability of the extraordinary relief afforded by the ancient writ of habeas corpus, however, demand the court's attention before it may determine whether Petitioner offers sufficient grounds to permit him to proceed with the appeal.

This year Congress passed the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996). Included in the AEDPA are new provisions governing appeals from a federal district court's denial of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus *ad subjiciendum* (the so-called Great Writ) filed by a

---

1. Petitioner has not filed an application for a certificate of probable cause to appeal or one for a certificate of appealability. The court therefore treats his notice of appeal as also constituting an application for a certificate of probable cause to appeal. *McGee v. Eyman*, 310 F.2d 230, 231 (9th Cir.1962); *see also Blango v. Thornburgh*, 942 F.2d 1487, 1488 n. 1 (10th Cir.1991); *Newby v. Johnson*, 81 F.3d 567 (5th Cir.1996); *Frace v. Russell*, 341 F.2d 901, 902 (3d Cir.), *cert. denied*, 382 U.S. 863, 86 S.Ct. 127, 15 L.Ed.2d 101 (1965).  This mild exercise in liberality seems especially appropriate in light of the proximity of the date set for his execution. · *Jones v. Whitley*, 938 F.2d 536, 538 (5th Cir.), *cert. denied*, 501 U.S. 1267, 112 S.Ct. 8, 115 L.Ed.2d 1093 (1991). *See also* Fed.R.App.P. 22(b) (expressly permitting court of appeals to treat a notice of appeal as request for certificate of probable cause); *Brown v. Booker*, 622 F.Supp. 993, 995 (E.D.Va.1985) (construing Fed.R.App.P. 22(b) as requiring district court, upon filing of a notice of appeal, to determine whether to issue certificate of probable cause), *appeal dismissed*, 790 F.2d 83 (4th Cir.1986).

prisoner in the custody of a State. The relevant portion, Section 102 of the AEDPA, provides

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.... A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.... The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required....

Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, tit. I, § 102, 110 Stat. 1214, 1217–18 (1996) (to be codified at 28 U.S.C. § 2253(c)).

■■■ The court must first decide whether the provisions of the AEDPA may lawfully be applied to Petitioner's cause. The determination of the applicability of intervening federal legislation to a pending case is governed by the standards announced by the United States Supreme Court in *Landgraf v. U.S.I. Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Under *Landgraf*, whenever a case implicates a federal statute enacted subsequent to the occurrence of the "events in suit," here Petitioner's 1983 trial for the kidnapping and murder of two children, the court's first task is to determine whether Congress expressly prescribed the intervening legislation's proper reach. *Landgraf*, 511 U.S. at ——, 114 S.Ct. at 1505. Here, Congress failed to specify a date upon which Section 102 of the AEDPA was to become effective, nor did it specify whether Section 102 was to apply retroactively.[2] The court will therefore apply the provisions of the AEDPA to the instant habeas appeal unless such application would operate "retroactively". *Landgraf, ibid.; Lennox v. Evans*, 87 F.3d 431, 432 (10th Cir.1996).

■■■ The decision whether the application of a statute is "retroactive," however, is neither simple nor mechanical. *Landgraf*, 511 U.S. at ——, 114 S.Ct. at 1498. When a new statute modifies procedural rules or affects the availability of prospective relief, application of the new statute to litigation commenced prior to statute's enactment does not necessarily constitute retroactive application. *Landgraf*, 511 U.S. at —— & n. 29, 114 S.Ct. at 1501, 1502 & n. 29. A statute operates "retroactively" only if its application to a case filed before its enactment "would impair rights a party possessed when [s]he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at ——, 114 S.Ct. at 1505.

The United States Court of Appeals for the Ninth Circuit has already declared that the Section 102's requirement that a petitioner must make a "substantial showing of the denial of a constitutional right" is "more demanding" than the requirement, under pre-AEDPA law, that a petitioner make "a substantial showing of the denial of a federal right." *Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir.1996). *But see Lowell v. Prunty*, 91 F.3d 1358, 1359 (9th Cir.1996) (citing *Williams*, but *refusing*, despite *Williams*, to decide whether Section 102 is "more demanding" than former 28 U.S.C. § 2253).

The *Williams* panel neither cited the *Landgraf* retroactivity rule, nor stated its reasons for concluding that the new standard of appealability was higher than that under prior law. Nonetheless, *Williams* does appear to have applied *Landgraf*'s standard: The court recognized that Congress had failed to specify an effective date for Section 102 of the AEDPA. *Williams*, 83 F.3d at 286 n. 2. It further found the new showing required in order to obtain a certificate of appealability to be "more demanding" than the showing required to obtain a certificate of probable cause to appeal under pre-AEDPA law. The panel then refused to apply Section 102 to the petitioner, and granted a

---

**2.** The only effective date provided in the AEDPA appears in Section 107 dealing with special procedures for habeas corpus petitions in certain capital cases; that section applies only "to cases pending on or after the date of enactment of this Act." Section 107 is not implicated by the present appeal from the denial of the writ.

certificate of probable cause.[3] *Williams*, 83 F.3d at 286.

The Act became effective no later than April 24, 1996, the date it was signed by the President. *See Reyes v. Keane*, 90 F.3d 676, 678–79 (2d Cir.1996). Petitioner Sechrest was tried for kidnapping and murder in 1983. He filed his Notice of Appeal of this court's denial of his federal habeas petition on August 28, 1996. Section 102 of the AEDPA would therefore ordinarily apply to Sechrest's appeal of this court's denial of his petition to the court of appeals. *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 711, 94

S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (stating rule that courts must apply the law in effect on the date it renders its decision, even though the law may have changed after the events giving rise to the action); *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801) (Marshall, C.J.). *Williams*, however, appears to foreclose application of Section 102 to an appeal from the denial of a habeas petition filed prior to the enactment of the AEDPA.[4] The court must therefore decide whether Sechrest may appeal its prior ruling under the standards governing appeals in force under former 28 U.S.C. § 2253.[5]

---

**3.** This court is somewhat mystified, given the *Williams* panel's ruling, by its statement that it "assume[d], without deciding, that [Section 102] of the Act does not apply retroactively to Williams' case." 83 F.3d at 286. To the contrary, it appears that the panel did in fact engage in the proper *Landgraf* analysis and determined that the lack of a specific Congressional provision regarding an effective date or retroactive application of Section 102, combined with the newly heightened standard of appealability, necessitated a decision not to apply Section 102 to the petitioner before it.

**4.** The Tenth Circuit has taken issue with the conclusion of the *Williams* court that Section 102 is "more demanding" than former 28 U.S.C. § 2253. *Lennox v. Evans*, 87 F.3d 431, 432 (10th Cir.1996) (Baldock, J.). In the Tenth Circuit's view, Section 102's certificate of appealability standard "replicates the standard for a certificate of probable cause endorsed by the Supreme Court in" *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). *Lennox*, 87 F.3d at 433. Under *Barefoot*, an applicant for a certificate of probable cause to appeal a district court's denial of a writ of habeas corpus was required to demonstrate "a substantial showing of the denial of a *federal* right." *Lennox, ibid.* (quoting *Barefoot, ibid., and adding emphasis*). *Section 102 requires the applicant for a certificate of appealability to make "a substantial showing of the denial of a* constitutional *right." According to the* Lennox *panel,* Barefoot *has always been read, despite the Court's use of the word "federal," to require a habeas petitioner seeking reversal of the district court's denial of the writ "to make a substantial showing of the denial of a* federal *constitutional right. Indeed, in the context of federal habeas review of a conviction entered in state court, it is the only intelligible reading."* Lennox, *87 F.3d at 434 (emphasis added)*.

This argument seems unassailable: Federal habeas review of state criminal conviction can *only* encompass federal constitutional error. *See, e.g.,*

*Herrera v. Collins*, 506 U.S. 390, 400–401, 113 S.Ct. 853, 860–861, 122 L.Ed.2d 203 (1993) (Rehnquist, C.J.) (stating principle that "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution"); *Moore v. Dempsey*, 261 U.S. 86, 87–88, 43 S.Ct. 265, 265–66, 67 L.Ed. 543 (1923) (Holmes, J.) (declaring issue on federal habeas review to be "solely the question whether [the petitioner's] constitutional rights have been preserved"). To this extent, Section 102 does no more than codify the gloss the *Barefoot* Court had placed upon former 28 U.S.C. § 2253, and works no substantive change in the standard a habeas petitioner must meet in order to appeal the district court's denial of her writ. Under *Landgraf*, then, application of Section 102 would in no sense constitute "retroactive" application of a new rule of law. Section 102 must therefore be applied to Petitioner Sechrest's appeal in the present action.

On the other hand, even if this court takes the *Williams* panel at its word and concludes that the panel's entire discussion of Section 102 is obiter dictum, and adopts the reasoning of the Tenth Circuit in *Lennox*, the result in the case *sub judice* will be the same: If, under *Williams*, Section 102 *does* change the standard, then this court's application of Section 102 would be "retroactive" within the meaning of *Landgraf*, and the standard of former 28 U.S.C. § 2253 must be applied. If, under *Lennox*, the two standards are identical, thus enabling this court, under *Landgraf*, to employ Section 102, then prior decisional law construing former 28 U.S.C. § 2253 applies with equal force to determinations of appealability under the "new" AEDPA standard. The question is thus academic in the truest sense of the word.

**5.** That section provided, in relevant part,

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who

■ When a district court denies a petition for a writ of habeas corpus filed by a prisoner in the custody of a State under 28 U.S.C. § 2254, and the petitioner then appeals from that denial, the district judge who denied the petition must either issue a certificate of probable cause to appeal, or refuse to issue the certificate and set out her reasons why the certificate should not issue. Fed. R.App.P. 22(b). The court must also bear in mind the goals of the requirement of a certificate, namely the prevention of abuse of the judicial process through the taking of frivolous appeals, and the avoidance of unwarranted delay in a State's ability to impose criminal sentences, particularly sentence of death. *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394–95, 77 L.Ed.2d 1090 (1983); *Van Pilon v. Reed,* 799 F.2d 1332, 1335 (9th Cir.1986).

■ To obtain a certificate of probable cause to appeal the court's denial of his petition, Petitioner need not show that he ought to prevail on the merits of his claims. He must, however, make a substantial showing of the denial of a federal right, and he must demonstrate that there exist legal issues "debatable among jurists of reason," in other words, he must show that a court *could* resolve the issues in a different manner, or that the questions he seeks to raise on appeal "are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 3395 & n. 4, 77 L.Ed.2d 1090 (1983). In a capital case, the nature of the penalty shortly to be exacted is a proper consideration in determining whether to issue a certificate of probable cause, but is not by itself a sufficient reason to issue the certificate. *Id.* at 893, 103 S.Ct. at 3395.

■ Petitioner's previous untimely Motion for Stay of Execution [6] (Doc # 83) sets out his grounds to appeal the earlier Order of this court denying his petition for a writ of habeas corpus. First, Petitioner complains that the court made a "wrongful finding" that he had failed to exhaust his claim that the testimony of his own psychiatrist for the State during the death penalty phase of the trial violated his Fifth Amendment right against self-incrimination. Petitioner has misunderstood the Order denying his petition. The court found, in fact, that that claim had been fairly presented to the Supreme Court of Nevada on state collateral review. Second, Petitioner claims that the court erred in counting the number of claims raised in his petition. He counts eighteen; the court counted thirty-five, five of which [7] had been exhausted. Petitioner's disagreement with the court over the precise number of claims raised in his petition does not constitute the requisite "substantial showing" entitling him to a certificate of probable cause to appeal. Petitioner offers no other assignments of error with respect to this court's denial of habeas relief.

The court denied the petition on exhaustion grounds; Petitioner had failed to demonstrate his lack of access to further state collateral relief. 28 U.S.C. § 2254(b). The court's denial of the petition for failure to exhaust state remedies constitutes grounds to deny Petitioner a certificate of probable cause to appeal. *Mason v. Smith,* 148 F.2d

rendered the order or a circuit justice or judge issues a certificate of probable cause. 28 U.S.C. § 2253.

**6.** Petitioner filed a Motion for Stay of Execution (Doc. # 83) in this court on August 28, 1996. On that date no death warrant had yet issued, and Petitioner's Notice of Appeal (Doc. # 84) from the court's July 29, 1996 Order (Doc. # 81) denying his petition was filed the same day, divesting this court of jurisdiction. The court therefore denied the motion for stay by Minute Order in Chambers (Doc. # 86) filed August 29, 1996.

**7.** The court found that Petitioner had exhausted his claims (1) that the state trial court's refusal to appoint him a second attorney denied him effective assistance of counsel, in violation of his

Sixth Amendment rights, (2) that the prosecutor's argument to the penalty phase jury, that given the possibility of executive clemency, the only certain way to protect society from Petitioner was to execute him, violated his Fourteenth Amendment right to due process of law, (3) that the admission in evidence of Petitioner's incriminating statements to police violated his Fifth Amendment right against self-incrimination, (4) that his trial counsel's failure to object to the testimony of the psychiatrist Dr. Gerow during the penalty phase constituted a violation of Petitioner's Sixth Amendment right to effective assistance of counsel, and (5) that the admission of Dr. Gerow's testimony during the penalty phase violated his Fifth Amendment right against self-incrimination.

**1258**

894, 895 (9th Cir.), *cert. denied*, 325 U.S. 839, 65 S.Ct. 1407, 89 L.Ed. 1965 (1945); *see also Lindsey v. Thigpen*, 875 F.2d 1516, 1517 (11th Cir.1989).

For the foregoing reasons, *IT IS THERE-FORE HEREBY ORDERED* that Petitioner's Notice of Appeal (Doc. # 84), to the extent the court has treated it as an application for a certificate of probable cause to appeal under 28 U.S.C. § 2253, is *DENIED.*