Oscar E. KRAMER, Jr., Appellant,

v.

Mike KEMNA, Appellees.

No. 93–2704.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1994.

Decided April 13, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 20, 1994.

Stephen H. Gilmore, Clayton, MO, argued, for appellant.

Stephen D. Hawke, Jefferson City, MO, argued, for appellees.

Before BOWMAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Oscar E. Kramer, Jr., filed a petition for a writ of habeas corpus with the United States Court for the Eastern District of Missouri after a Missouri appeals court refused to overturn his conviction for theft by deceit. The district court denied the petition, and this appeal followed. At issue is whether the fact that a petition is filed in good faith is a sufficient basis for the issuance of a certificate of probable cause, and if not, whether a certificate of probable cause may be properly issued in this case. We hold that the standard for issuing such a certificate is higher than the one applied, and also hold that the circumstances of this case do not permit one to be issued under the proper standard. We therefore quash the certificate of probable cause and dismiss the petition.

I.

Oscar Kramer, Jr., was employed as a clerk for St. Louis attorney Richard Turner. While licensed to practice law in the State of Louisiana, Kramer was not a licensed attorney in Missouri. Turner had been engaged by Ann Walker to represent her son, Greg Walker, in a criminal matter. Greg Walker had already been serving a sentence for an unrelated conviction.

Although Kramer was never assigned to Walker's case, he contacted Ms. Walker by telephone and informed her that he was her son's attorney and that he needed two thousand dollars with which to obtain an appeal bond for her son. When questioned, Kramer assured Ms. Walker that he had a bondsman waiting, and repeatedly asked whether she wanted her son home by Thanksgiving. Ms. Walker gave Kramer two thousand dollars in cash, and asked for a receipt and a business card. Kramer obliged, but gave one of Turner's cards, writing his name on the back.

Turner was unaware of the transaction until informed by his secretary, and upon Kramer's return, he insisted that the money be placed in escrow. Kramer told Turner that the money had already been sent to a bondsman. He failed, however, to obtain an appeal bond for Greg Walker.

After his indictment, Kramer received appointed counsel from the state public defender's office. At trial, he testified and called one other witness, his son, to deny that he had any intent to steal money from Ms. Walker. Kramer testified that he had sent the money to Steven Rice in California, who was not a licensed bondsman in California or Missouri. In rebuttal, the State called a Western Union records custodian, who presented evidence that Kramer's son had wired $1,600 to Rice five days before Kramer took Ms. Walker's two thousand dollars.

A jury found Kramer guilty, and the Missouri Court of Appeals affirmed. Kramer then filed the present petition for a writ of habeas corpus. The district court denied Kramer habeas corpus relief. Nevertheless, the court summarily found "that the appeal is taken in good faith" and granted Kramer's motion for issuance of a certificate of probable cause. This appeal followed.

II.

■ Congress has exercised its power to limit and define the power of inferior Article

III courts to issue a writ of habeas corpus for the benefit of a state prisoner. 28 U.S.C. § 2253 embodies one such limitation:

> An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.

28 U.S.C. § 2253 (1993). The question before us is whether a certificate of probable cause may issue solely upon a finding that the appeal was not frivolous or was taken in good faith.

"[P]robable cause requires something more than the absence of frivolity and ... the standard is a higher one than ... 'good faith'...." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting Blackmun, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F.R.D. 343, 352 (1967)). In fact, "a certificate of probable cause requires petitioner to make a substantial showing of the denial of a federal right." *Barefoot,* 463 U.S. at 893, 103 S.Ct. at 3394. The Court noted that even the severity of the death penalty "does not in itself suffice to warrant the automatic issuing of a certificate." *Id.* We have recently applied the *Barefoot* standard, holding that "good faith" is an insufficient basis upon which to issue a certificate of probable cause. *See Flieger v. Delo,* 16 F.3d 878 (8th Cir.1994).

The District Court applied the wrong standard when it issued Kramer a certificate of probable cause. Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253. Without "a substantial showing of the denial of a federal right," *Barefoot,* 463 U.S. at 893, 103 S.Ct. at 3394, this certificate was improperly issued. Because we believe that the district court erred when it issued a certificate of probable cause upon application of a good faith standard, we quash the certificate issued by the district court. We must, however, treat the petitioner's notice of appeal as an application to the judges of this court for a certificate of proba-

ble cause. Fed.R.App.P. 22(b); *see also Pool v. Wyrick,* 703 F.2d 1064, 1066 n. 3 (8th Cir.1983).

## III.

Kramer seeks habeas corpus relief upon the claim that he was denied effective assistance of counsel before and during the state court proceedings culminating in his conviction. He bases this claim upon the assertion that his appointed counsel at trial did not make pre-trial motions, conduct discovery, do factual or legal research, subpoena witnesses, or interview state witnesses. We consider whether these assertions rise to the level of "a substantial showing of the denial of a federal right."

■ To obtain relief for a claim of ineffective assistance of counsel in a habeas proceeding, a petitioner must show that the alleged errors of counsel were so serious as to deprive the defendant of a fair trial whose results were reliable. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, the petitioner bears the burden of showing two things. First, the petitioner must show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Therefore, for a certificate of probable cause to issue in the present case, Kramer must make a substantial showing that his counsel fell short of Sixth Amendment standards and that this shortcoming was probably the cause of his conviction.

## A.

Kramer presented the district court with the claim that his counsel was ineffective because he failed to:

(1) interview the petitioner in depth,

(2) do research concerning insurance law and the insurance industry,

(3) interview witnesses for the defense, or subpoena defense witnesses for trial,

(4) interview or secure an insurance expert,

(5) interview or subpoena Greg Walker,

(6) interview Mrs. Walker,

(7) conduct discovery with respect to the visitors' logs of the corrections center where Greg Walker was incarcerated, or telephone records of Richard Turner's law office,

(8) conduct discovery with respect to the district attorney's investigator's report of pre-indictment interview, or subpoena the investigator, and

(9) challenge the impanelling of "an all black, predominately [sic] female jury."

Petitioner's Suggestions in Support of His Application for Writ of Habeas Corpus.

■ Of the five claims presented to us, four may be gleaned from the list presented to the district court. The first allegation presented to us, that counsel did not make pretrial motions, is conspicuously absent from the list of nine allegations presented to the district court. Failure to give the district court a first opportunity to deciding the merits of an argument constitutes a waiver of that argument. Accordingly, we find it inappropriate to consider this assertion here.

### B.

■ The second claim, that his counsel failed to conduct discovery, is a broader statement of claims made below. · By "failure to conduct discovery," therefore, we take Kramer's position to mean that his counsel failed to inspect the visitor's log at the corrections ¸center where Greg Walker was detained, failed to inspect telephone records from Richard Turner's law office, and failed to inspect the district attorney's investigator's pre-indictment interview report.

Defense counsel must make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066–67. We need not weigh counsel's performance against this first of *Strickland*'s two considerations, however, if we find that Kramer has failed to

demonstrate how he might have been prejudiced by his counsel's lack of diligence. *Id.* at 697, 104 S.Ct. at 2069–70; *see Davis v. United States,* 865 F.2d 164, 166 (8th Cir. 1988).

Kramer points to the visitors' log of the corrections center where Greg Walker was incarcerated as well as the telephone records from Richard Turner's law office as containing evidence which would support an inference that he is innocent of the crime of theft. He fails, however, to persuade us that such evidence is exculpatory. Records of visits to Greg Walker and telephone calls to a Mr. Rice in California are equally supportive of an inference that Kramer engaged in the deception of Mr. Walker and his mother, say, to pay off a debt owed to Mr. Rice. Such an inference finds further support in the fact that the state produced evidence to show that a payment was made to Mr. Rice several days before Kramer took money from Mrs. Walker. We cannot say what light the district attorney's investigator's pre-indictment interview report might shed on this or any other question since Kramer does not suggest what exculpatory evidence might be revealed by it. Accordingly, we hold that Kramer can not demonstrate prejudice by any failure of trial counsel to conduct discovery, and that he is therefore not entitled to a certificate of probable cause on this claim.

### C.

■ Kramer's third allegation, that counsel failed to do factual or legal research, also may be characterized as a more general statement of several claims asserted below. Before the district court, Kramer alleged that his trial counsel failed to investigate his "mens rea" and defense of "claim of right," and insurance law and industry practices.

What Kramer again fails to demonstrate, however, is how he might have been prejudiced even if counsel could be faulted for not pursuing these avenues. Kramer points to no evidence that could refute the inference that he had the requisite mens rea, or that would support a "claim of right" defense. He makes no showing of how any information about insurance law or the insurance indus-

try in general, or bonding practices in particular, could possibly prove exculpatory. Without such a showing, a certificate of probable cause cannot issue in this case.

### D.

█ Kramer charges that his trial counsel failed to subpoena defense witnesses or interview state witnesses. We have stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel. *See, e.g., Kenley v. Armontrout*, 937 F.2d 1298 (8th Cir.1991). Such a failure is not, however, a conclusive indication of ineffective assistance of counsel. The principles enunciated in *Strickland* apply here as well. In particular, Kramer must make a substantial showing that, but for counsel's failure to interview or subpoena the witnesses in question, there is a reasonable probability that the result of his trial would have been different. Once again, Kramer fails to articulate what exculpatory evidence could possibly have been produced had his counsel interviewed any of the prosecution witnesses or subpoenaed Mr. Rice or anyone else. Without a substantial demonstration that any of these witnesses could add anything that could exculpate him, a certificate of probable cause cannot properly issue in this case.

### IV.

Finally, Kramer contends that the district court erred when it denied his petition for habeas corpus without an evidentiary hearing. He makes this contention summarily, without providing any support for it in law or fact, and appears to base it entirely on the merits of his ineffective assistance of counsel claim. Since we have already determined that these claims are without merit and would not benefit from factual elaboration, we hold that the district court did not err in not holding a hearing. Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a).

### V.

For the foregoing reasons, we quash the certificate of probable cause, refuse to issue one on our own authority, and dismiss this case.