Steven DUFFEY, Petitioner/Plaintiff,

v.

Joseph D. LEHMAN, Commissioner of the Pennsylvania Department of Corrections; William J. Love, Superintendent of the State Correctional Institution at Huntingdon; and Joseph P. Mazurkiewicz, Superintendent of the State Correctional Institution at Rockview, Respondents/Defendants.

No. 3:CV–94–1947.

United States District Court, M.D. Pennsylvania.

Feb. 21, 1995.

Steven Duffey, Huntingdon, PA, Robert B. Dunham, Michael Wiseman, David Wycoff, Philadelphia, PA, for petitioner.

Michael Jude Barrasse, Edmund W.J. Zigmund, Asst. Dist. Atty., Scranton, PA, for respondents.

William P. O'Malley, Asst. Dist. Atty., Scranton, PA.

Jerome Thomas Foerster, Office of Atty. Gen., Harrisburg, PA.

## MEMORANDUM

VANASKIE, District Judge.

The Commonwealth of Pennsylvania has moved for reconsideration of this Court's issuance of a "certificate of probable cause" ("CPC") incident to the denial of convicted murderer Steven Duffey's request for a stay of execution pending the preparation of a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Congress has provided that "[a]n appeal may not be taken to the court of appeals from the *final* order

in a habeas corpus proceeding ... unless ... the judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." 28 U.S.C. § 2253 (emphasis added). Because the denial of a stay is not a "final" order in a habeas corpus proceeding, it appears that a CPC was improvidently granted in this matter. Moreover, a CPC may be issued only where the appellant makes a " 'substantial showing of the denial of a *federal right*.' " *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Although Duffey raises substantial issues concerning a district court's discretion to deny a stay when an inmate has not invoked post-conviction processes for almost six-years, his appeal does not concern a "federal right" because there is no "right" to a stay of execution. Accordingly, the Commonwealth's Motion for Reconsideration will be granted and the CPC will be stricken.

## BACKGROUND

On September 22, 1994, Governor Robert P. Casey signed a death warrant, scheduling Duffey's execution for the week of December 4, 1994. The warrant was issued based upon Duffey's conviction of the February 17, 1984 murder of 19 year-old Kathy Kurimchak. Execution of the warrant was scheduled for December 6, 1994, at 10:00 p.m.

On November 16, 1994, Duffey, acting "pro se" but clearly represented by the Pennsylvania Capital Case Resource Center (the "Resource Center"), filed in the Court of Common Pleas of Lackawanna County a motion for a stay of execution in order to permit him to obtain counsel to prepare a petition under the Pennsylvania Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.* No grounds for challenging the constitutional validity of Duffey's conviction and death sentence were articulated in this "pro se" motion.

On November 18, 1994, the Honorable James M. Munley, who had presided over Duffey's trial, denied the motion. A motion for reconsideration was denied by Judge Munley on November 22, 1994. An appeal from Judge Munley's Order was taken to the Pennsylvania Supreme Court on November 28, 1994. Duffey asked the Pennsylvania Supreme Court to stay his execution.

Also on November 28, 1994, the Resource Center, acting as counsel for Duffey, filed in this Court an "omnibus" document, titled "Motion to Proceed in Forma Pauperis, for Stay of Execution, and for Appointment of Federal Habeas Corpus Counsel under 28 U.S.C. § 2251 and 21 U.S.C. § 848(q)—and—Complaint for Injunctive Relief under 42 U.S.C. § 1983." Duffey asserted that he was entitled to appointment of counsel to assist in the preparation of a federal habeas corpus petition, *see* 21 U.S.C. § 848(q)(4)(B), and requested a stay of execution to enable counsel to seek relief under 28 U.S.C. § 2254.[1]

On December 5, 1994, the Pennsylvania Supreme Court denied Duffey's request for a stay of execution. Later that day, I granted a temporary stay under 28 U.S.C. § 2251 in order to determine whether Duffey had inexcusably ignored available post-conviction remedies for the purpose of delaying his execution. This concern was prompted by the fact that Duffey's conviction had been affirmed in 1988, *Commonwealth v. Duffey* 519 Pa. 348, 548 A.2d 1178 (1988), and no post-conviction challenge had been mounted by Duffey for approximately 6 years. Indeed, Duffey did not move for the appointment of counsel to assist in the preparation of a PCRA petition until almost two months after the death warrant was issued. In *McFarland v. Scott,* —— U.S. ——, ——, 114 S.Ct. 2568, 2573–74, 129 L.Ed.2d 666, 676 (1994), the Court stated that "if a dilatory capital defendant inexcusably ignores [the opportunity to present a counseled habeas corpus petition] and flouts the available processes, a federal court presumably would not abuse its discretion in denying a stay of execution." An evidentiary hearing was or-

---

**1.** The "omnibus" document filed on behalf of Duffey also sought preliminary injunctive relief under 42 U.S.C. § 1983 on the ground that Duffey had a constitutionally protected right under state law to an automatic stay of his execution in order to pursue his PCRA remedies. Duffey subsequently withdrew, without prejudice, his request for relief under 42 U.S.C. § 1983.

dered to address the question of delay in the context of this caveat in *McFarland*.

In order to afford the parties adequate time to secure evidence that may be relevant to Duffey's delay in pursuing post-conviction relief, the hearing was scheduled for December 15, 1994, with the stay to remain in effect until December 23, 1994.[2] Evidence was presented by the parties on December 15, 16, 19, and 20, 1994. Closing argument was heard on December 21, 1994, after which I expressed from the Bench findings of fact and conclusions of law. I ruled that, although Duffey was entitled to the appointment of counsel to prepare a § 2254 petition, he was not entitled to a stay of execution because he had inexcusably ignored available post-conviction processes.

At the conclusion of what was a very emotional proceeding, the following exchange occurred:

> Mr. Wiseman: Your Honor, first we will be filing with the court a request for a certificate of probable cause, I imagine, tomorrow morning.
>
> THE JUDGE: All right. That will be granted. I think there is a sufficient issue here that you would get a certificate of probable cause on that. [Transcript of December 21, 1994 proceedings at 110.][3]

The following day, without awaiting a written application for a CPC, I issued the following Order:

> NOW, in accordance with the Findings of Fact and Conclusions of Law expressed following oral argument on December 21, 1994, IT IS HEREBY ORDERED THAT:
>
> 1. Plaintiff's Motion for a Stay pending preparation of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.
>
> 2. The stay issued in this matter on December 5, 1994 is hereby VACATED.

> 3. Counsel for plaintiff shall be appointed pursuant to 21 U.S.C. § 848(q)(4)(B) upon notification by the Pennsylvania Capital Case Resource Center as to the identity of counsel who has agreed to represent plaintiff for the purpose of preparing a petition for a writ of habeas corpus.
>
> 4. Plaintiff's action under 42 U.S.C. § 1983 is dismissed, without prejudice, on the basis of the representations made by counsel for plaintiff on the record in this matter that this action had been withdrawn.
>
> 5. The Clerk of Court is directed to mark this matter closed.
>
> 6. Plaintiff is hereby granted a certificate of probable cause pursuant to 28 U.S.C. § 2253 for the purpose of pursuing an appeal. [Dkt. Entry 41.]

On December 23, 1994, Duffey filed a notice of appeal. (Dkt. Entry 53.)

On December 30, 1994, the Commonwealth moved for reconsideration of the issuance of the CPC. (Dkt. Entry # 54.) A supporting brief accompanied the Commonwealth's Motion. (Dkt. Entry # 55.) On January 5, 1995, a telephone conference concerning the Motion for Reconsideration was conducted, and I determined that the briefing schedule established by pertinent Local Rules of Court should apply to this matter. On January 17, 1995, counsel for Duffey timely filed a Memorandum of Law in opposition to the Motion for Reconsideration. (Dkt. Entry # 66). On January 24, 1995, the Commonwealth timely filed a Reply Memorandum of Law. (Dkt. Entry 68.) This matter is ripe for disposition.[4]

## DISCUSSION

### A. *Authority to Consider the Commonwealth's Motion for Reconsideration.*

■ The initial issue that must be addressed is whether a district court may re-

---

**2.** Because 61 P.S. § 2124 provides that the death warrant issued by the Governor is to "be executed within the week to be named in said warrant," the effect of the stay was to allow the warrant to expire. No death warrant was issued in this matter following the expiration of the stay.

**3.** Although the transcript indicates that the request for a CPC was made by Mr. Wiseman, it is

my recollection that the request was made by Mr. Dunham, co-counsel for Duffey.

**4.** On February 8, 1995, there was docketed in this matter a copy of an Order of the United States Court of Appeals for the Third Circuit staying Duffey's appeal pending a decision on the Motion for Reconsideration. (Dkt. Entry 71.)

consider the grant of a CPC following the filing of a notice of appeal.[5] Duffey contends that, with the issuance of a CPC, which enables an appeal in a habeas corpus action to proceed, *Fitzsimmons v. Yeager*, 391 F.2d 849, 854 (3rd Cir.), *cert. denied*, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968), a district court's authority to reconsider the grant of the CPC terminates. The premise for this argument is that appellate court jurisdiction in habeas proceedings is perfected by the issuance of a CPC.[6]

■ Duffey's challenge to this Court's authority to consider the Motion for Reconsideration must be rejected. As the Commonwealth argues, "transfer of jurisdiction" to the Court of Appeals does not preclude consideration of a timely-filed motion for reconsideration of an otherwise appealable order. For example, in *Lenard v. Agento*, 699 F.2d 874 (3rd Cir.), *cert. denied*, 464 U.S. 815, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983), a motion for reconsideration was filed within the ten-day time requirement for post-judgment motions but after a notice of appeal had already been filed. On appeal, the appellants, as does Duffey here, argued that the district court did not have "jurisdiction" over the motion for reconsideration because they had already filed their appeal. *Id.* at 898. In rejecting this argument, our Court of Appeals explained:

[A] timely motion to reconsider postpones the running of the time for appeal. If the time to file is postponed by a motion, the district court must have jurisdiction to consider the motion.... We find that the district court had jurisdiction to consider the Motion to Reconsider.... *Id.*

See also *United States v. Rogers Transportation, Inc.*, 751 F.2d 635 (3rd Cir.1985).

■ If the "transfer of jurisdiction" accompanying the filing of a notice of appeal was not sufficient to divest the district court of authority to consider a timely-filed motion for reconsideration in *Lenard*, then it follows that the "transfer of jurisdiction" accompanying a CPC in a habeas proceeding does not divest the district court of authority to consider a timely-filed motion for reconsideration.[7]

■ Duffey appears to acknowledge that this Court would retain authority to consider a "Rule 59 Motion, filed after a notice of appeal," but contends that the Commonwealth's Motion "is clearly not a Rule 59 Motion...." (Petitioner's Memorandum of Law (Dkt. Entry 66) at 6 n. 3.) This argument ignores the fact that "a motion labeled only as a motion for reconsideration [is regarded] as the functional equivalent of a Rule 59 Motion...." *Venen v. Sweet*, 758 F.2d 117, 122 (3rd Cir.1985); *Lenard*, 699 F.2d at 898. In this case, the Order from which

---

5. Two other threshold issues may be addressed summarily. Duffey's contention that the Commonwealth effectively waived the right to challenge the CPC by not objecting on December 21, 1994 is without merit because the Commonwealth was not afforded the opportunity to respond to the request for issuance of a CPC. At the time, I believed a CPC was required if there were substantial *issues* presented, and I do believe that this case raises significant questions concerning capital case jurisprudence. Thus, I issued the CPC *sua sponte* on December 22, 1994. Accordingly, the Commonwealth's timely-filed motion for reconsideration is not barred.

Also without merit is the Commonwealth's contention that a CPC may be issued only after a formal request has been filed. A district court may make a CPC determination at the same time that it denies a habeas corpus petition. *See Fitzsimmons v. Yeager*, 391 F.2d 849, 854 (3rd Cir.), *cert. denied*, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968). Accordingly, the absence of a "formal application" did not prevent issuance of a CPC.

6. Ordinarily, it is said that "[t]he filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." 9 James W. Moore et al., *Moore's Federal Practice* ¶ 203.11 at 3–45 (1994).

7. The "transfer of jurisdiction" concept is misleading. As explained in 9 *Moore et al., supra.*, ¶ 203.11 at 3–48:

The principle governing the transfer of authority from the district court to the court of appeals ... is not derived from the jurisdictional statutes or from the rules, but is a prudential, or judge-made doctrine designed to avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time. Although the general rule should ordinarily be followed, many courts have noted that it is not absolute, or always desirable, and it should not be employed to defeat its purpose or to induce endless paper shuffling.

Duffey has appealed (Dkt. Entry 41), includes the challenged CPC. Because the Motion for Reconsideration was filed within ten days of entry of the challenged order, it qualifies as a timely-filed Rule 59(e) Motion. *See Morgan Guaranty Trust Co. v. Third National Bank of Hampden County,* 545 F.2d 758, 760 (1st Cir.1976) (motion to reconsider an order which was " 'the concluding judicial act or pronouncement of the court disposing of the matter before it' " constitutes a Rule 59(e) Motion); *Wimberly v. Rogers,* 557 F.2d 671, 673 (9th Cir.1977) ("motion to vacate" an order staying proceedings constitutes a Rule 59(e) Motion); *Virginia v. Tenneco, Inc.,* 538 F.2d 1026 (4th Cir.1976) (motion to vacate temporary restraining order qualifies as a motion "to alter or amend judgment" within the meaning of Rule 59(e)).[8] Accordingly, this Court has jurisdiction to consider the Commonwealth's Motion for Reconsideration.[9]

### B. *A CPC Was Granted Improvidently.*

■ A CPC is required in order to appeal a *final* order in a habeas corpus proceeding. 28 U.S.C. § 2253; *McCarthy v. Harper,* 449 U.S. 1309, 101 S.Ct. 827, 66 L.Ed.2d 782 (1981). "[A] compelling line of cases . . . holds that, in habeas corpus proceedings, the district court has not finally disposed of the case until it either grants or denies the writ." *Marshall v. Lansing,* 839 F.2d 933, 940–41 (3rd Cir.1988). In other words, " '[a] final judgment in a habeas corpus case either denies the petition or orders the petitioner released at a specified time.' " *Heirens v. Mizell,* 729 F.2d 449, 454 (7th Cir.1984). Ac-

cord, *Bridge v. United States Parole Commission,* 981 F.2d 97, 102 (3rd Cir.1992); *Hull v. Freeman,* 932 F.2d 159, 163 (3rd Cir.1991).

■ For example, in *McDonald v. Burrows,* 731 F.2d 294 (5th Cir.), *cert. denied,* 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984), a habeas corpus petitioner sought to enjoin extradition and related criminal proceedings. On appeal, the court held that the CPC requirement of 28 U.S.C. § 2253 was not implicated because the district court's "refusal to enjoin a criminal proceeding . . . is not 'a final order in a habeas corpus proceeding.' " *Id.* at 298. Moreover, although a request for appointment of counsel pursuant to 21 U.S.C. § 848(q)(4)(B) is regarded as a "habeas corpus proceeding" for purposes of obtaining a stay pursuant to 28 U.S.C. § 2251, an appeal from the denial of appointment of counsel under § 848(q)(4)(B) is not dependent upon the issuance of a CPC. *See Barnard v. Collins,* 13 F.3d 871, 878 n. 6 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 946, 127 L.Ed.2d 363 (1994). *See also Landano v. Rafferty,* 859 F.2d 301 (3rd Cir.1988) (*per curiam* ) (refusal to appoint counsel retroactively for habeas corpus proceeding and to waive maximum fee under the Criminal Justice Act, 18 U.S.C. § 3006A, was not a final order subject to appellate review).

■ Similarly, a refusal to stay an execution is not a "final order" in a habeas corpus proceeding. The denial of Duffey's stay request intimated no opinion on the merits of a challenge to Duffey's conviction or sentence.[10] Accordingly, issuance of a CPC is

---

**8.** Indeed, it appears that our Court of Appeals has regarded the Commonwealth's Motion for Reconsideration as a matter within this Court's jurisdiction. *See* the Order of February 3, 1995 entered in *Duffey v. Lehman,* C.A. No. 94–9003, a copy of which was filed in this matter on February 8, 1995. (Dkt. Entry 71.) It should also be noted that the Commonwealth's Motion may also be characterized as a motion for "relief from judgment or order" under F.R.C.P. 60. Because the motion was filed within ten days of the issuance of a CPC, this Court would have the authority to decide the Commonwealth's Motion even if it was regarded as a Rule 60 Motion. *See* F.R.App.P. 4(a)(4)(F).

**9.** Duffey's contention that the Commonwealth's argument would permit a district court to "re-

consider the grant of a CPC up until the time that a decision on the appeal is issued by the Court of Appeals" (Petitioner's Memorandum of Law (Dkt. Entry 66) at 7), is rebutted by the fact that a motion for reconsideration, whether regarded as a Rule 59(e) or Rule 60 motion, must be filed within ten days of the challenged order and the Third Circuit's practice of staying an appeal pending disposition of a timely-filed F.R.App.P. 4(a)(4) motion.

**10.** Indeed, at no time during the proceedings concerning Duffey's request for appointment of counsel and a stay of execution did Duffey articulate any basis for a challenge to the validity of his conviction or sentence.

unnecessary to appeal the denial of a stay of execution.[11]

 A determination that a refusal to enter a stay of execution is not a "final order" under the circumstances presented here is consistent with the historical reasons underlying the CPC requirement. This provision was added to the habeas corpus statute in 1908, at which time the statute provided for an *automatic* stay pending the resolution of habeas corpus proceedings, including appeals in habeas corpus proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 3, 103 S.Ct. 3383, 3395 n. 3, 77 L.Ed.2d 1090 (1983); *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 765 (3rd Cir.1978). The CPC requirement was imposed to assure that clearly meritless challenges to a conviction could not be used to delay executions. *Id.* Consistent with the purpose underlying the CPC requirement, 3rd Cir.LAR 111.3(b) provides that if the district court grants a CPC "at the time a *final* decision is entered on the *merits* of a claim seeking relief under 28 U.S.C. § 2254 . . . it shall also grant a stay pending disposition of the appeal." When, however, the district court does not reach "a final decision . . . on the merits of a claim seeking relief under 28 U.S.C. § 2254," but merely denies a request for a *McFarland* stay, a CPC is unnecessary. In those circumstances, the district court has not made a determination as to whether there has been a

substantial showing on the merits of a challenge to a conviction; indeed, the district court is unlikely to know what specific issues are being raised. Moreover, since a CPC determination is intended to serve as the basis for grant of a stay because a challenge to a conviction is potentially meritorious, it makes no sense to require a CPC determination when the only issue resolved by the district court is a request for a *McFarland* stay. The district court having denied the stay, the question of whether the circumstances warrant a stay should then be addressed to the appellate court.[12] Accordingly, the CPC issued in this case will be vacated because it was unnecessary.[13]

### C. A CPC Was Not Warranted In This Case.

If a CPC is required as a condition to taking an appeal from the denial of the *McFarland* stay in this case, it is clear that a CPC is not warranted. At the time the request for a CPC was made, I was of the opinion that the governing standard was whether there was a close legal or factual issue presented. That is, whether the issues that have been presented "are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3395 n. 4.

11. The refusal to grant the requested stay may, of course, be appealable pursuant to 28 U.S.C. § 1292(a)(1) as an interlocutory order refusing an injunction. The appealability *vel non* of the December 22, 1994 Order is a matter committed to the authority of the United States Court of Appeals for the Third Circuit.

12. A CPC requirement in connection with a *McFarland* stay ruling will not eliminate appeals, but will present to the appellate court the same issues in the guise of a CPC determination. *See Barnard*, 13 F.3d at 875 (CPC and stay of execution requests involve the same standards).

13. It should be noted that at least two Courts of Appeals have held that the CPC requirement extends to not only "the final determination of the merits [of a habeas corpus petition] but also to an order denying bail." *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir.1990). *Accord, Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993). Our Court of Appeals has held that a bail order in a habeas corpus case is appealable under the collateral order doctrine, but does not appear to have re-

quired issuance of a CPC in connection with such a bail order. *See United States v. Smith*, 835 F.2d 1048, 1049 (3rd Cir.1987). Issuance of a CPC in connection with the denial of bail in a habeas corpus proceedings does not intrude upon state's interests. Instead, it serves as a vehicle to minimize the number of appeals of bail orders. A CPC requirement in the context of a request for a *McFarland* stay, with its automatic stay effect under 3rd Cir. LAR 111.3, intrudes upon state interests, and would not serve to reduce the number of appeals from the denial of *McFarland* stays. On the contrary, a CPC requirement would only result in yet additional litigation of collateral issues, with concomitant delay, such as has resulted in this case. Thus, "[t]he interest served by the [CPC] requirement— relieving the state and the court system of the burdens resulting from the litigation of insubstantial appeals . . .", *Grune*, 913 F.2d at 434, would not be advanced by requiring a CPC in connection with the denial of a *McFarland* stay.

If the only inquiry concerned the closeness of the underlying issues, a CPC in this case would be warranted. As Duffey argues, there are important issues that are "debatable among jurists of reason" presented in this case.

■ But, as the Commonwealth argues, *Barefoot* "requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Id.* at 893, 103 S.Ct. at 3395. *See also Kramer v. Kemna,* 21 F.3d 305, 307 (8th Cir.1994). Duffey argues that his appeal involves "the right to a stay under *McFarland v. Scott.*" (Petitioner's Memorandum of Law (Dkt. Entry 66) at 9.) *McFarland,* however, did not hold that there is a federally-protected right to a stay of execution whenever appointment of counsel is sought under 21 U.S.C. § 848(q)(4)(B) to prepare a habeas corpus petition. Instead, the Court merely held that a district judge has discretionary *authority* under 28 U.S.C. § 2251 to enter a stay of execution when appointment of counsel is sought under § 848(q)(4)(B). As the Court explicitly stated, *"[t]his conclusion by no means grants capital defendants a right to an automatic stay of execution." Id.,* —— U.S. at ——, 114 S.Ct. at 2573, 129 L.Ed.2d at 676 (emphasis added).

■ As the Commonwealth argues "'worthiness of appellate review' is not the criterion which justifies issuance of a certificate of probable cause." (Commonwealth Reply Memorandum of Law (Dkt. Entry 68) at 3.) A "federal right" must be implicated. While § 848(q)(4)(B) "grants indigent capital defendants a mandatory right to qualified legal counsel and related services 'in any [federal] post conviction proceeding ... '", *id.,* —— U.S. at ——, 114 S.Ct. at 2571, 129 L.Ed.2d at 674, "[s]ection 2251 does not man-

date the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *Id.,* at ——, 114 S.Ct. at 2573, 129 L.Ed.2d at 676. It therefore follows that a refusal to enter a stay does not constitute "the denial of a federal right" necessary to warrant issuance of a CPC.[14]

## CONCLUSION

"The procedures adopted to facilitate the orderly consideration and disposition of habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error." *Barefoot,* 463 U.S. at 887–88, 103 S.Ct. at 3392. In this case, the procedural skirmishes should not obscure the fact that Duffey has yet to identify any purported constitutional error in his conviction or sentence. Hopefully, this litigation over collateral issues, which may be meaningless since there is no active death warrant pending, will not cause Duffey to delay further the presentation of a substantive challenge to his conviction.[15]

## ORDER

**NOW, THIS 21st day of February, 1995,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Commonwealth of Pennsylvania's Motion for Reconsideration (Dkt. Entry 54) is **GRANTED.**

2. The Certificate of Probable Cause issued in this matter on December 22, 1994 (Dkt. Entry 41) is **VACATED.**

---

**14.** Duffey's § 1983 action had asserted a "right" under state law to a stay of his execution pending litigation of a counseled-PCRA petition. Because Duffey voluntarily dismissed, without prejudice, his § 1983 action, a state-law created right to a stay is not involved in Duffey's appeal.

**15.** Duffey notes that "local appellate rules and the holding of *Barefoot* ... requires that when a district court grants a CPC in a capital case, it must also stay an *active* death warrant." (Petitioner's Memorandum of Law at 4; emphasis added.) In this case, there is no pending "active

death warrant." Nor has Duffey requested entry of a stay following this Court's Order of December 22, 1994. It is likely that a death warrant will not be issued in advance of the time period within which the Resource Center estimated that a habeas corpus petition could be prepared in this matter. (On December 21, 1994, the Resource Center estimated that a stay of 90 days would be sufficient for the preparation of a counseled habeas corpus petition.) Under these circumstances, the issues pertaining to a *McFarland* stay may indeed be moot.