# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1109

_____

United States of America,

        Appellee,

v.

Eloy Vazquez-Garcia,

        Appellant.

Appeal from the United States
District Court for the Southern
District of Iowa.

[UNPUBLISHED]

_____

Submitted: January 3, 2007
Filed: January 9, 2007

_____

Before WOLLMAN, HANSEN, & RILEY, Circuit Judges.

_____

PER CURIAM.

Eloy Vazquez-Garcia (Vazquez) filed a 28 U.S.C. § 2255 motion seeking relief from his 324-month sentence for drug crimes, claiming ineffective assistance of trial counsel. The district court[1] denied Vazquez's motion but granted a certificate of appealability on the issue of whether or not Vazquez's trial counsel rendered ineffective assistance. After careful review, we affirm.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Vazquez was convicted by a jury of two separate drug offenses: (1) conspiracy to distribute more than 500 grams of a mixture containing methamphetamine, and (2) attempt to possess with intent to distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to concurrent sentences of 324 months on each count. Vazquez's conviction and sentence were affirmed on appeal. United States v. Vazquez-Garcia, 340 F.3d 632 (8th Cir. 2003), cert. denied, 540 U.S. 1168 (2004). After the Supreme Court denied his petition for certiorari, Vazquez filed the instant § 2255 motion in the district court, claiming that his trial counsel was constitutionally ineffective for failing to call a witness, failing to adequately prepare for trial, and failing to challenge the government's case. The district court denied Vazquez's motion without an evidentiary hearing, but granted a certificate of appealability on the question of whether Vazquez's trial counsel was ineffective. On appeal, Vazquez focuses his argument only on the issue of whether his trial counsel was ineffective for failing to investigate a defense and a witness who would have testified that Vazquez was not involved in the conspiracy that led to his conviction. The other claims of ineffective assistance initially raised by Vazquez are deemed abandoned. See Etheridge v. United States, 241 F.3d 619, 622 (8th Cir. 2001) ("Claims not argued in the briefs are deemed abandoned on appeal.").

Claims of ineffective assistance of counsel involve both issues of law and fact, and as such are reviewed de novo. Williams v. United States, 452 F.3d 1009, 1012 (8th Cir. 2006). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Williams, 452 F.3d at 1012 (referring to the Strickland requirements as necessary to prove ineffective assistance of counsel). Both requirements of the test must be satisfied in order for a claim to succeed. Williams, 452 F.3d at 1012.

Vazquez contends that "his trial counsel's representation fell below an objective standard of reasonableness," United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (internal citations omitted), because counsel failed to interview an alleged witness and then use that witness in Vazquez's defense. Specifically, Vazquez alleges that one of his alleged coconspirators, Antonio Morales-Garcia (Morales), would have testified that Vazquez was innocent and not involved in the drug conspiracy. Morales pleaded guilty to charges stemming from the conspiracy prior to Vazquez's trial as part of a plea agreement. Vazquez claims that his counsel's failure to interview and call Morales in his defense constitutes ineffective assistance of counsel. We respectfully disagree.

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy." Id. (internal marks omitted); see also Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996) (noting that under Strickland, "decisions related to trial strategy are virtually unchallengeable"), cert. denied, 520 U.S. 1128 (1997). However, the issue before us is not simply one of strategy and determining whether or not to call a witness, but if trial counsel was unreasonable in not exploring an alleged defense. As such, we focus not on counsel's decision not to call Morales, but the allegation that counsel failed to interview Morales after Vazquez informed his counsel that Morales had exculpatory information and was willing to testify on Vazquez's behalf.

"We have stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir. 1994). This does not automatically lead to a conclusion that counsel was ineffective however, because even if we assume that counsel's failure to interview Morales did not meet an objective standard of conduct, Vazquez still needs to "make a substantial showing that, but for counsel's failure to interview . . . the witness[] in question, there is a reasonable probability that the result of his trial would have been different." Id.

Vazquez has not made the substantial showing required of him in this case. He has not provided any independent evidence to the court as to what Morales would have allegedly said had be been interviewed or called to testify. See Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.) (holding that appellant who filed a § 2255 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by Strickland), cert. denied, 493 U.S. 898 (1989). Vazquez has provided no affidavits or any other information supporting his claims to the court. The only information about what Morales's potential testimony would have been is speculation on the part of Vazquez. Recognizing the deferential standard when reviewing the conduct of counsel, we decline to find prejudice in this situation when there is no evidence other than speculation to support the finding. See id. (recognizing the general rule of avoiding excessive posttrial inquiry into actions of counsel at trial in order to avoid any chilling effect on attorneys' willingness to serve, and stating that "[n]othing would encourage a proliferation of ineffectiveness of counsel claims more than to permit an accused to establish the prejudice prong of Strickland on a showing of nothing more than speculation that he had been prejudiced by his counsel's performance."). Because Vazquez cannot satisfy both requirements under the Strickland analysis, he cannot succeed on his claim for ineffective assistance of counsel.

Accordingly, we affirm the judgment of the district court.

_____